Nov. Term, 1846.

ALBEE
v.
MAY.

---

ALBEE *v.* MAY.

The statement of the cause of contesting the election of a county auditor must, under the statute of 1843, be verified by the affidavit of the person who contests the election; and such affidavit cannot be made before the clerk of the Circuit Court in vacation, he not acting as the clerk of the board of county commissioners.

Unless such statement be verified by the proper affidavit, neither the board of county commissioners, nor the Circuit Court on appeal, can proceed in the case.

Wednesday,
December 30.

APPEAL from the *Steuben* Circuit Court.

DEWEY, J.—This was a proceeding instituted before the board of county commissioners of *Steuben* county by *May*, for the purpose of trying the validity of the declared election of *Albee* to the office of auditor of that county; *May* claiming to have been legally elected himself. The statement of the cause of contesting the election of *Albee* (illegal votes cast for him), was verified by affidavit taken before the clerk of the Circuit Court in vacation; he not acting as the clerk of the board of county commissioners. *Albee* moved that board

to dismiss the proceedings for want of a sufficient affidavit to the statement of *May.* The motion was granted. *May* appealed to the Circuit Court, where the motion was renewed but overruled. The Circuit Court proceeded to try the cause upon its merits; and rendered a judgment that *May*, and not *Albee*, was legally elected auditor of *Steuben* county, and for costs against *Albee.*

We think this judgment is erroneous. The motion made in the Circuit Court to dismiss the proceedings should have prevailed. The statement of the cause or causes, for which a county election is contested, must be verified by the affidavit of the person who contests the election. R. S. 1843, p. 139. This statement is in the nature of a declaration, and is the foundation of all the proceedings contesting an election. The party whose claims it questions has a right to require it to conform to the statute; and he cannot be legally called upon to answer unless it does so conform. It is obvious that the statement to be valid must be sworn to before an officer duly authorized to administer the oath. And the question presents itself, had the clerk of the Circuit Court the necessary authority? The only statutory provision to which we have been referred as conferring the authority is sect. 56, chap. 38, R. S. 1843, p. 654. That section enacts that "Whenever any oath, affirmation, or affidavit, is authorized or required by law, or is necessary in the progress of any cause, suit, matter, or proceeding in the Circuit Court to be taken by any party, his agent, attorney, or other person in his behalf, or which may be necessary in the discharge of the duties of clerk, such clerk shall in person, or by deputy, have full power and authority to administer such oath or affirmation." We do not think this provision authorized the clerk to administer the oath in question; nor do we know of any that does. The statement of the cause for which *May* contested the election of *Albee* was consequently insufficient for want of a proper affidavit, and did not authorize either the board of county commissioners, or the Circuit Court, to take conusance of the cause.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. H. Coombs* and *I. H. Kiersted*, for the appellant.

*J. B. Howe*, for the appellee.