## HOLTON *v.* BROWN.

ELECTION.—*Contest of Election.*—*Affidavit.*—In a proceeding to contest the election of a county officer, the grounds of contest must be verified by the affidavit of the contestor. If the affidavit is made by any person other than the contestor, the proceedings should be dismissed.

From the Lake Circuit Court.

*M. Wood, T. J. Wood, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*E. C. Field* and *J. Barnard,* for appellee.

WORDEN, C. J.—Holton and Brown respectively were candidates, at the election of 1870, for the office of treasurer of Lake county. Brown was declared elected. Holton insti-

tuted proceedings before the Board of Commissioners of Lake County, to contest Brown's election, filing a statement of the grounds of contest verified by the affidavit of one George Sanford, but not by his own.

The proceedings were dismissed by the board of commissioners. An appeal was taken to the circuit court, where, on the written motion of Brown, specifying as one of the grounds thereof that the statement was not verified by the affidavit of the contestor, the cause was dismissed.

The contestor then moved for leave to file an amended statement of the grounds of contest, verified also by the affidavit of Sanford, but not by his own, but this motion was overruled.

There was no error in either of these rulings.

The statute provides, that " the person contesting such election shall be known as the contestor; and the person whose election is contested, as the contestee."

The statement specifying the grounds of contest is to be verified by the affidavit of the contestor. 1 G. & H. 316, secs. 1, 2, and 16.

This case was commenced before the board of commissioners, and was there carried on, as well as in the circuit court, in the name of James S. Holton as contestor against Brown as contestee.

No statement of the grounds of contest verified by the affidavit of Holton was filed; and this was good ground for the dismissal of the proceedings.

If after the dismissal the case could have been reinstated upon the filing of a statement duly verified by the contestor, still there was no offer to file such statement. It appears that Sanford was an elector entitled to vote at the election held, and he was entitled to contest the election, but he did not do so. Holton, as we have seen, was the party to the record as contestor. If the amended statement of the grounds of contest had been allowed to be filed, it could only have authorized proceedings in the name of Sanford as contestor, and this would have been equivalent to the insti-

tution of new proceedings in the circuit court, which could not be done.

The judgment below is affirmed, with costs.

OSBORN, J., was absent when this cause was considered.