Farlow *v.* Hougham.

---

---

No. 10,406.

## FARLOW *v.* HOUGHAM.

ELECTION.—*Contest of.—Statement of Causes.—Jurisdiction.—Appeal.—Practice.*—Under sec. 16, act of May 4th, 1852 (1 R. S. 1876, p. 450), a statement of the grounds of contest of an election must·be filed within· a specified time; and this must appear affirmatively in the record, else neither the board of commissioners, nor the circuit court on appeal, will be deemed to have had jurisdiction, and an appeal to the Supreme Court will be dismissed.

From the Madison Circuit Court.

*R. Lake, W. R. Pierse* and *C. B. Gerard,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

WOODS, C. J.—Proceedings by the appellant to contest the election of the appellee to the office of trustee of Jackson township, Madison county. The proceedings were commenced before the board of commissioners of that county, and appealed thence to the circuit court, which decided in favor of the appellee.

The appellee insists that the appeal ought not to be considered, and should be dismissed, because the proceedings were not commenced in time.

The 16th section of the act of May 4th, 1852, 1 R. S. 1876, p. 450, requires that the contestor " shall file with the auditor of the proper county, within ten days after such person has been declared elected, a written statement specifying the grounds of contest, verified by the affidavit of such elector."

That a compliance with this requirement is necessary in order to confer jurisdiction upon the county board to hear and determine the contest can not be questioned. In *Albee* v. *May*, 8 Blackf. 310, it was held that unless such statement be verified by the proper affidavit, neither the board of commissioners, nor the circuit court on appeal, can proceed in the case. See, also, *Wheat* v. *Ragsdale*, 27 Ind. 191; *Holton* v. *Brown*, 46 Ind. 122. It is a familiar doctrine that the facts essential to the jurisdiction of an inferior tribunal must be shown affirmatively in the record. *Wilkinson* v. *Moore*, 79 Ind. 397.

The transcript of the proceedings before the board of commissioners in this case begins by showing the board convened in special session on the 19th day of April, 1882, and then shows that on that day the appellant filed an amended complaint, which is set out and appears to have been duly verified. It is alleged in this complaint that " Hougham was, on the 3d day of April, 1882, declared by the board of canvassers of said township duly elected township trustee of said Jackson township." It is not averred, nor in any manner shown, what the original complaint was, nor when it was filed, nor that any statement of the grounds of contest had theretofore been filed with the auditor of the county. We are therefore constrained to hold upon the record as it has been brought to us, that the proceedings before the board of commissioners and in the circuit court were without jurisdiction; and, consequently, that the appeal to this court must be dismissed.

Appeal dismissed, at costs of the appellant.