## TUMBLESON v. TUMBLESON

[No. 17,602. Filed May 24, 1947.]

*Allen & Allen,* of South Bend, for appellant.

*George Sands,* of South Bend, for appellee.

FLANAGAN, J.—This is an appeal from a judgment granting a divorce to appellee and awarding him the care and custody of the minor child of the parties.

At the conclusion of the evidence the court made the following order:

> "And now the court orders the probation department to investigate and report as to the conditions in the home of the parties, with reference to custody of the minor child."

The probation department made an investigation and filed its report recommending that custody of the child be awarded to appellee. Thereafter the judgment appealed from was entered. The only question here presented is the propriety of the action of the trial court in having the investigation by its probation department and in any manner whatever considering the result thereof.

The right of trial involves the right to confront and cross-examine adverse witnesses. This right was not easily won and must not be lightly lost either from frontal attack or erosion. We have no doubt that in the instant case an able and conscientious probation officer reported to an able and conscientious judge. But if the practice should be approved another decision might be made by a less able and conscientious judge upon the report of a less able and conscientious probation officer. After all there is no difference in principle between basing a judgment upon the report

of a court's probation officers and basing one upon the report of a king's soldiers. In either instance the right of trial has been denied. See *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. (2d) 606.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 73 N. E. (2d) 59.