KESSLER *v.* WILLISTON

[No. 17,670. Filed December 3, 1947.]

*Ivan Pogue,* of Franklin, and *Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellant.

*Richard L. La Grange,* of Franklin, for appellee.

FLANAGAN, J.—This is an action to establish the paternity of a child born out of wedlock.

We are met at the outset by the contention of appellee that this appeal is not properly brought because it is brought under the provisions of the "children born out of wedlock" statute (Acts 1941, ch. 112, § 3-640, Burns' 1933), whereas it should be brought under the general statutes relating to juvenile courts. With this contention we do not agree. Our Supreme Court, in the case of *State ex rel.* v. *Lake Cir-*

*cuit Court* (1945), 223 Ind. 375, 61 N. E. (2d) 168, considered the various statutes relating to cases triable in juvenile courts and expressly held that judgments in paternity cases are appealable under the "children born out of wedlock" statute.

Appellant's sole complaint on appeal is that the judgment of the trial court was based in part on information which the judge of said court procured by independent investigation.

The record discloses that after the evidence was submitted the court concluded that the date appellant left Hawaii to return to the United States in 1945 was of considerable significance. He therefore proceeded to write a letter to the United States Coast Guard as to the date of sailing of the ship on which appellant returned. In due course he received an answer giving him the date on which the ship sailed according to the records of the United States Army Port of Debarkation at Seattle, Washington. The court thereafter entered judgment.

The general rule, conceded to be so by appellee, is that it is reversible error for a court to base a judgment upon information obtained by extra-judicial inquiry either by the judge or someone on his behalf. *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. (2d) 606; *Tumbleson* v. *Tumbleson, ante,* p. 455, 73 N. E. (2d) 59.

But it is insisted by appellee (1) that the information obtained by the judge was not considered in arriving at his decision and (2) that if he did use the information he was entitled to do so because he was sitting as judge of a juvenile court.

This court presumes that a trial court performs its duty in a proper manner. But where a court delays

entering judgment while the judge thereof makes an extra-judicial inquiry, we think the presumption that the court performed its duty in the proper manner falls, and in the absence of some showing to the contrary the only logical inference is that the information so obtained by the court was considered.

In support of her contention that the judge of a juvenile court has authority to make an investigation of his own to supplement the evidence adduced at trial, appellee cites us to §§ 3-630 and 9-3208-9, Burns' 1933.

Assuming, without deciding, that the legislature can grant authority to courts to decide adversary actions upon information obtained upon the personal and private investigation of the judge, neither of the statutes cited attempt so to do. The first gives the court certain investigation powers in a case *voluntarily* submitted upon the *joint petition* of the mother of a child born out of wedlock and the alleged or admitted father. The second two authorize an investigation to determine (1) whether a petition alleging that a child is delinquent, dependent or neglected shall be filed and (2) whether the court shall proceed to a trial of the question. The right to trial on evidence produced before the court is carefully preserved. See § 9-3215, Burns' 1933.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 75 N. E. (2d) 676.