FORD ET AL. *v.* STATE OF INDIANA.

[No. 18,216.   Filed March 19, 1952.]

*Theodore E. Prekowitz,* of South Bend, for Helen Ford, and *Allen & Allen,* of South Bend, for George Ford, appellants.

*J. Emmett McManamon,* Attorney General, *Clyde H. Jones,* Chief Counsel, and *Oscar C. Crawford,* Deputy Attorney General, for appellee.

ROYSE, J.—This is an appeal from a judgment of the Juvenile Court of St. Joseph County refusing to set aside its judgment making a minor child a ward of said court.

The record discloses that on January 15, 1951 the chief probation officer filed in said court a petition asserting it was necessary to detain said child pending an investigation to determine her "neglect and delinquency." On this verified petition the trial court ordered said child placed in a private home and the Probation Department was ordered to complete its investigation.

On February 6, 1951 said child was made a ward of the court. The record discloses the only evidence heard was the unverified written report of the chief probation officer. No summons was served as provided by statute on the mother or other persons having custody of said child.

Appellants' petition to set aside the judgment of the Juvenile Court alleged the failure to serve summons and that she was not dependent and neglected, and asserted facts in support thereof, and that she was being unlawfully restrained of her liberty.

Section 9-3209, Burns' 1942 Replacement (1951 Supp.), provides as follows:

"After a petition shall have been filed and after such further investigation as the court may direct, unless the parties hereinafter named shall voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition, and requiring the person or persons who have the custody or control of the child to appear personally and bring the child before the court at a time and place stated. If the person so summoned shall be other than the parent or guardian of the child, then the parent or guardian or both shall also be notified of the pendency of the case and of the time and place appointed, by personal service before the hearing, except as hereinafter provided. Summons

may be issued requiring the appearance of any other person whose presence, in the opinion of the judge, is necessary.

"If it appears that the child is in such condition or surroundings that his welfare requires that his custody be immediately assumed by the court, the judge may cause to be endorsed upon the summons an order that the officer serving the same shall at once take the child into custody."

The Juvenile Court cannot acquire jurisdiction in this type of action unless summons is issued and served as provided by statute. Furthermore, the report of the chief probation officer was not legal evidence. *Tumbleson* v. *Tumbleson* (1947), 117 Ind. App. 455, 73 N. E. 2d 59; *Kessler* v. *Williston* (1947), 117 Ind. App. 690, 75 N. E. 2d 676; *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. 2d 606.

As we stated in *In re Coyle, Coyle* v. *State* (1951), 122 Ind. App. 217, 101 N. E. 2d 192 (Transfer denied) :

"Juvenile court procedure has not been so far socialized and individual rights so far diminished that a child may be taken from its parents and placed in a state institution simply because some court might think that to be in the best interests of the state."

For the reasons herein stated, the judgment herein is reversed and the trial court is directed to set aside its judgment making said minor child a ward of that court.

NOTE.—Reported in 104 N. E. 2d 406.