SHUPE *v.* BELL ET AL.

[No. 18,922. Filed March 27, 1957.]

*George L. Hitesman,* of Gary, and *F. Leroy Wiltrout,* of Elkhart, for appellant.

*T. A. Davis* and *J. Earle Roose,* both of Goshen, for appellees Nora N. Bell and Louis Bell.

COOPER, J.—This is an appeal from a judgment of the Elkhart Circuit Court, sitting as a Juvenile Court by virtue of §§9-3101 and 9-3102, Burns' 1956 Replacement, wherein said Court made certain minor children wards.

The appellant's sole contention, properly before us and assigned as error in this appeal, is based upon the

theory that the trial court had no jurisdiction over the subject matter in this particular case for the reason that the court did not follow the mandate of the legislature as provided by §§9-3207 and 9-3208, Burns' 1956 Replacement.

The record in the case before us affirmatively shows that the appellee herein, Nora N. Bell, by her attorneys, filed a petition in the Juvenile Division of the Elkhart Circuit Court on the 17th day of April, 1956, praying that the three minor children of George W. Shupe, Sr. and his ex-wife, Doris Shupe, be adjudged as children to have been neglected by their natural parents. The record before us shows that upon the filing of the appellee's petition, the trial judge assigned the same for hearing on April 27, 1956, at 10:00 A.M. and ordered that the mother of the said minor children be notified of the hearing by registered mail.

The record further shows that on April 27, 1956, the said minor children, together with their parents, George W. Shupe, Sr. and Doris Shupe, and also the appellee, Nora Bell and her husband, Louis Bell, appeared in court in person and by counsel and the court having heard the evidence, took the matter under advisement.

The record further shows that on the 9th day of May, 1956, the court entered a finding and judgment making said minor children wards of the court.

This Act, known as the Indiana Juvenile Court's Act, is the result of an evolutionary process culminating in modern legislation which is intended to afford a means by which a child may receive guidance and control that should have been provided by his parents.

The purpose and basic principle of the Act as provided therein is, "To secure for each child within its provisions such care, guidance and control, preferably in his own home, as will serve the child's welfare and best interests of the state; and when such child is removed from his

family, to secure for him custody, care and discipline as nearly as possible, equivalent to that which should have been given by his parents. The principle is hereby recognized that children under the jurisdiction of the court are subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce legal obligations due to them and from them." Sec. 9-3201, Burns' 1956 Replacement.

The Act establishing Juvenile Courts in our state and outlining their procedure are special statutory proceedings, and the provisions of the statute must be followed. *Board of Children's Gdns. of Marion Co.* v. *Gioscio* (1936), 210 Ind. 581, 585, 4 N. E. 2d 199; *Ford* v. *State* (1952), 122 Ind. App. 315, 104 N. E. 2d 406. It is in the nature of a civil proceeding and is not triable by jury. The proceedings are of a summary character and frequently held in chambers. The records of such proceedings are kept in special dockets that are confidential in nature and not open to the public, except on order of the court; the records are frequently destroyed and disposed of after a lapse of time, and prohibits the use of the evidence given in any case or proceeding in any other court. *State ex rel. Bryant et al.* v. *Warrick, C. C.* (1953), 232 Ind. 655, 658, 115 N. E. 2d 742.

We know that courts do not assume jurisdiction, *sua sponte.* In proceedings to determine whether or not delinquent, dependent or neglected children should be made wards of the Juvenile Court, the jurisdiction of the court must be invoked by the verified accusation as provided for by §§9-3207 and 9-3208, *supra.* Not until the proper charge is filed may the court cite the party charged and attain jurisdiction over his person or the subject matter of the particular case. We believe the Act itself clearly indicates jurisdic-

tion is dependent upon strict compliance with its provisions. "Statutes which take away, change or diminish fundamental rights, statutory remedies for rights unknown to the common law, and statutes which provide new and extraordinary remedies must be construed strictly both to the cases embraced within their terms and as to the methods to be pursued." 59 C. J., §669, p. 1130. The intent of the Legislature in conferring jurisdiction upon Juvenile Courts and the manner in which it is to be conferred, is stated in a clear, concise and unequivocal manner. Sec. 9-3207, *supra,* provides in part:

> "*A person subject to the jurisdiction of the Juvenile Court under this Act (§§9-3201—9-3225) may be brought before it by either of the following means and no other.*" (Our emphasis).
>
> "(a) By petition praying that the person be adjudged delinquent or dependent or neglected;
> (b) Certification and transfer from any other court before which any such person is brought charged with the commission of a crime. (Acts 1945, ch. 356, §7, p. 1724.)"

Sec. 9-3208, *supra,* is the legislative implementation of §9-3207, *supra.* The Legislature saw fit to make this implementation very specific. It was entirely within its right to do so, and we are called upon to see that its mandate is specifically carried out. The unalienable rights of every person to life, liberty and property in this state and nation cannot be taken away permanently or even temporarily, except in the specific manner provided by the law authorizing it. The statute under which alone the trial court can exercise jurisdiction specifies what shall be done by the court.

Sec. 9-3208, *supra,* provides:

> "Any person may and any peace officer shall give to the court information in his possession that there is within the county or residing within the county, a dependent, neglected or delinquent child. *There-*

*upon, the court shall, as far as possible, make pre-liminary inquiry to determine whether the interests of the public or of the child require that further action be taken. Whenever practicable such inquiry shall include a preliminary investigation of the home and environmental situation of the child, his previous history and the circumstances of the condi-tion alleged and if the court shall determine that formal jurisdiction should be acquired, shall au-thorize a petition to be filed by the probation officer. The proceeding shall be entitled 'In the matter of, a child under eighteen (18) years of age.' Such petition shall be verified and shall contain a state-ment of the facts constituting such dependency, neglect as defined in this act (§§9-3201—9-3225)* and the name, age and residence of the child, so far as known to the person filing such petition; the names and residence of his parents, guardian or custodian, if known to the petitioner, and if not known, the petitioner should so state, of such de-pendent, neglected or delinquent child." (Our em-phasis.)

In the case of *Kessler* v. *Williston* (1947), 117 Ind. App. 690, 693, 75 N. E. 2d 676, this court stated in construing §9-3208, *supra,* that this section au-thorized an investigation to determine: "(1) whether a petition alleging that a child is delin-quent, dependent or neglected shall be filed and (2) whether the court shall proceed to a trial of the ques-tion."

In construing the above sections, we believe it was the intent of the Legislature in such cases as the one before us that if the Judge of the Juvenile Court be-lieved there was in his county, a delinquent, de-pendent or neglected child and the he further believed that *formal jurisdiction should be acquired,* the court *shall authorize a petition to be filed by the Proba-tion Officer of the Court, and no one else.*

One of the reasons we believe this was the intent of the Legislature is due to the fact that under the Acts

of 1941, ch. 233, §6, p. 902, relating to the filing of such petitions under that Act, provided," . . . If the court shall determine that formal jurisdiction should be acquired, it shall authorize a petition to be filed. . . ."

Thus, it is apparent under the Acts of 1941 anyone with the consent of the Judge of the Juvenile Court could file a petition alleging the delinquency, dependency or neglect of the child and confer formal jurisdiction of the subject matter upon the court; however, under the Acts of 1945, it is the legislative mandate that to acquire formal jurisdiction of the subject matter, it is necessary for the petition to be filed by the Probation Officer under the order of the Judge of said Juvenile Court.

The record before us affirmatively shows that the petition in this cause was filed by the appellee as an individual by her attorneys of record and not by the Probation Officer of the Elkhart Juvenile Court, as required by the statute. One of the oldest maxims of the law is, "The express mention of one person or thing is the exclusion of another." Wharton's Legal Maxims, p. 11. Otherwise stated, "What is expressed makes what is silent to cease." Coke Litt., 210a; *Woodford et al.* v. *Hamilton et al.* (1894), 139 Ind. 481, 39 N. E. 47. "When the law is in the affirmative that a thing should be done by certain persons or in a certain manner, this affirmative manner contains a negative that it shall not be done by other persons or in another manner." 26 Am. and Eng. Ency. Law, (2nd ed.) 605, and cases cited therein; *State ex rel.* v. *Home Brewing Co.* (1914), 182 Ind. 75, 95, 105 N. E. 909.

The jurisdiction and duties of a Juvenile Court of the State of Indiana and the methods prescribed by which the court shall exercise its jurisdiction must be conferred by constitutional and legislative authority. It is a familiar rule that statutes

granting jurisdiction which was not given in common law are to be strictly construed and one seeking to take advantage of such a statute must bring himself clearly within its spirit as well as within its letter. *Martin* v. *Schulte* (1933), 204 Ind. 431, 435, 182 N. E. 703, and cases therein cited. In discussing statutory construction, Sutherlin's, a widely-accepted authority, in Vol. 2, p. 1048, §§565, 566, announces the rule as follows:

> "A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction; nor be made available or valid except on the statutory conditions, that is, by strictly following the directions of the act."

Statutory requirements have been held jurisdictional for many years in Indiana. *Albee* ·v.· *May* (1846), 8 Blackf. 310; *Farlow* v. *Hougham* (1882), 87 Ind. 540; *Borders* v. *Williams* (1900), 155 Ind. 36, 38, 57 N. E. 527.

The proceedings before us is a special statutory one, summary in character, as we have heretofore stated. The law is well settled in Indiana that when a party seeks to invoke jurisdiction of a court to act in a special statutory proceeding, he must, without the aid of intendment, bring himself strictly within its spirit as well as within its letter. *Martin* v. *Schulte, supra; Gossard* v. *Vawter* (1939), 215 Ind. 581, 583, 21 N. E. 2d 416; *State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 17 N. E. 2d 805; *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268; *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 76 N. E. 2d 254; 1 Watson's Work's Practice & Forms, p. 294, §414; 1 Lowe's Work's Indiana Practice, §13.13, p. 449; 2 Gavit, Indiana Pleading and Practice, p. 1714, §236; *Peoples* v. *City of Valparaiso*

(1912), 178 Ind. 673, 100 N. E. 70; *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 504, 13 N. E. 2d 568; *Thornburg* v. *The American Strawboard Company* (1895), 141 Ind. 443, 445, 40 N. E. 1062, 50 Am. St. Rep. 334; Brown On Jurisdiction (2d Ed.) p. 15, §2b. "If the jurisdiction of the court is derived from statutory authority, in a proceeding not in accordance with the ordinary proceedings of the common law or the established usages of equity, then, in such cases the rule is the more strict, and the facts conferring jurisdiction must appear of record. And where the statute prescribes the grounds for "the exercise of jurisdiction in the particular action, such grounds must be set forth in the petition, warranting such exercise, and the necessary jurisdictional facts must appear, or the judgment will be void, even in a collateral attack." Brown On Jurisdiction, 2nd Edition, p. 19, §3a.

Proceedings to have a child declared to be a delinquent, dependent or neglected child, being highly penal in nature, since in such proceedings natural parents are deprived of all their rights, as such, if the child is made a ward of the court, compels special statutes dealing with children to be strictly construed, especially as to the commencement of the action and notice.

In the case of *Ford* v. *State* (1952), 122 Ind. App. 315, 317, 104 N. E. 2d 406, in discussing the question of the issuance and service of summons, this court stated:

"The Juvenile Court cannot acquire jurisdiction in this type of action unless summons is issued and served as provided by statute."

Likewise, in this cause, we believe that the Juvenile Court cannot acquire jurisdiction in this type of an action unless the petition alleging that the child is delinquent, dependent or neglected is filed by the Probation

Officer of the Court under an order authorizing the same. We believe that this was the intention of the Legislature.

For the reasons herein stated, the judgment herein is reversed and the trial court is directed to set aside its judgment making said minor children wards of that court.

NOTE.—Reported in 141 N. E. 2d 351.