140 So.2d 354 (1962)
Herbert F. McGUIRE, Appellant,
v.
Katherine McGUIRE, Appellee.
No. 2234.
District Court of Appeal of Florida. Second District.
April 25, 1962.
*355 Buchman & Register, Plant City, for appellant.
Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellee.
SMITH, FRANK A., Associate Judge.
This is an appeal from an order modifying a decree of divorce and transferring the custody of the minor child of the parties from the father (appellant) to the mother (appellee).
By decree dated October 29, 1954, the parties were divorced, under which the custody of Dennis Edward McGuire, their only child, was awarded to the appellee until he should reach school age, at which time his care and custody should be with appellee only during the school vacation months and with the appellant during the school months.
There were several petitions filed by the appellee and hearings had thereon before that of February 1, 1960, in which modification was again sought and upon which the Court acted in changing the child's custody from the appellant to the appellee, except for the provision of reasonable visitation left in the father. This petition was filed February 1st, as above stated, and was heard before the Court on February 22nd, but the order thereon was not entered until August 23, 1960.
The previous year the mother had filed a petition seeking the change of custody and same having been denied she sought leave to amend same, but in its order of August 26, 1959, the Court denied such leave. This order contained a recital that at the request of the attorney for the appellee (Mrs. McGuire) and out of an abundance of caution, the judge had submitted the question of the suitability of the home of the appellant (Mr. McGuire) to the Department of Welfare under Chapter 59-186, Florida Laws, and had received such report.
When the petition of February 1st came up for hearing on February 22nd, testimony was offered in behalf of the petitioner.
At the close of her case, counsel for appellee requested the Court to obtain from Department of Public Welfare, its report, stating there was some question about the report, that one rendered previously to the Court was only temporary and that more had been added so that it was complete or permanent. Counsel thought it was now complete and "covers the suitability of the home in Plant City." (This was the home of appellant McGuire).
Counsel for appellant objected "for the simple fact that certainly the defendant is entitled to know something about, what has been going on in this case." After discussion by counsel and the continued protest of counsel for appellant that he was entitled to know something about the additional investigation, the Court, without making a ruling, directed counsel for appellant to proceed, whereupon he offered testimony of the appellant and several witnesses. At the close of all the testimony, the matter of the report was resumed, appellee's counsel continuing to urge that the Court should have the benefit of the addition to, and the final report, to use in determination of the *356 matter of custody and the Court expressing himself as desiring to have same, while counsel for appellant persisted in urging his opposition, stating that he and his client should have "an opportunity to know something about it if they go ahead and make up another big report or something."
The judge stated it seemed to him that she (referring to Mrs. McDonald, a welfare worker) said she was making a complete report, which he had never requested because he had made some determination on a previous order.
Appellant's counsel stated that if the case were to be continued for anyone else he would insist upon the right to bring more witnesses. The Court stated it was not being continued for someone else; it would just be to get the report that was made, he having forgotten about the permanent report; that he would not make a determination at that time.
The motion for rehearing filed by Defendant, which is treated as a petition for rehearing, did not complain that the Court considered the report or that it was not filed, but was directed to finding fault with the manner in which the investigation was conducted and to the contents of the report, however, it is necessary that the Court consider the failure to file the report because the Court's determination of the child's custody is of such vital importance.
The order of August 23, 1960, modifying the decree and transferring the custody of the child from appellant to appellee, subject only to his right of visitation, recited the request for the report from the Welfare Department and that it was furnished, containing a statement of facts and recommendations based thereon, which were duly considered. It also shows that twice the Chancellor had the child brought before him for a discussion out of the presence of the parties and counsel. Upon these occasions the minor child was six or seven years of age. The topic of discussion is not shown, but it is fair to assume it related to the child's custody. Appellant has not complained about these interviews.
Although the report was furnished to the judge and considered by him in his decision and order, it was never filed with the Court, so as to become a part of the record. There is no showing that the report or a copy thereof, was made available to appellant or his counsel.
The legislature of 1959 provided for social investigation in any case before the circuit court where the custody of a minor child is in issue (Sec. 65.21, F.S.A.). The Court may request the investigation and social study from the State Welfare Department which is required to furnish a written statement of the facts and its recommendations based thereon. "The Court may consider the information contained in such a report in making a decision on the child's custody, and the technical rules of evidence shall not exclude such report from consideration by the Court." While the statute does not mention filing the report, such a requirement would seem to be implicit to permit its consideration by the Court. It seems to the Court that when a written report is considered by the Court in connection with any ruling or judgment, it should be filed in evidence the same as any other writing the Court may consider. It is error for the Court to consider any writing or anything else that is not in evidence. This report would not be admissible but for the statute, but the statute has rendered it admissible.
It is only necessary that we consider the point that the report was considered by the Court without its being filed and made a part of the record.
A similar situation was reviewed by the Supreme Court of Wisconsin in the case of Wunsch v. Wunsch, 248 Wis. 29, 20 N.W.2d 545, in which the lower Court had received a report of the Department of Domestic Reconciliation not offered or received in evidence and which was never *357 submitted to the parties. The Appellate Court held the Court was in error in considering matters of fact not before it, and that there was no way in which the error could be cured except by a reversal of the order and a remand for further proceedings. In regard to such report the Court stated "It was received by the judge but never before the Court."
The Illinois case of Williams v. Williams, 8 Ill. App.2d 1, 130 N.E.2d 291, is most forceful in denouncing the Court's action in having any matter before it pertaining to a case before the Court except evidence which is received and made a part of the record. There it was held that upon review an Appellate Court is confined to the record and so must the lower Court have before it only matters which are made a part of the record.
The case of DesChatelets v. DesChatelets, 292 Ill. App. 357, 11 N.E.2d 13, was decided by the same Illinois court as the Williams case, saying "court was unauthorized to make finding that mother was unfit person on basis of `confidential report of the social service department.'" Court had heard evidence which vindicated mother, but Court was not satisfied and considered confidential report. Court said "whatever this may have been does not appear from the record, and, of course, we are unable to consider it. However, the record indicates that the court did consider it, and stated that he based his finding upon it. We are of the opinion that he was in error in so doing."
In the case of Nelson v. Nelson, 180 Or. 275, 176 P.2d 648, the Court held the decree erroneous and reversed because to what extent the decision was based upon the secret report of its investigators is not disclosed by the record, stating "That it is based, at least partly, on that report is made clear by the recitals in the decree. Therefore the decree * * * is erroneous."
In the Kentucky case of Wacker v. Wacker, 279 Ky. 19, 129 S.W.2d 1043, the Court had investigation made by investigator connected with Juvenile Court, into living conditions of parents. The judge made personal investigation, sought and obtained from several sources, information about parties and homes. After mentioning they were confronted upon review of the record by the controlling principle that the propriety of a judgment is dependent upon the evidence heard and not upon what the Court may have learned and known outside the record, the decree was reversed.
In the Wacker case supra, the Court quoted from the Illinois case of Scott v. Cohn, 134 Ill. App. 195, wherein the opinion read:
"If the Chancellor might decide partly on an investigation made outside of Court  then he might decide wholly on such investigation, the only difference between the two cases being not in kind, but in degree. No agreement between counsel  can bind the minor, whose interest is the main question to be considered."
Decisions of other courts supporting the same view in regard to use of such reports are found in the following citations, to-wit: Mark v. Mark, 115 Pa.Super. 181, 175 A. 289 (1934); In Re Gupton, 238 N.C. 303, 77 S.E.2d 716 (1953); Tumbleson v. Tumbleson, 117 Ind. App. 455, 73 N.E.2d 59 (1947); Kilgore v. Tiller, 194 Ga. 527, 22 S.E.2d 150 (1942); Walker v. Eldridge, 219 Ark. 594, 243 S.W.2d 638 (1951); Commonwealth ex rel. Mathis v. Cooper, 188 Pa.Super. 113, 146 A.2d 158 (1958).
The record reflects that the Chancellor was most diligent in seeking to be fully informed when he should make the vital decision involving the home in which the boy should live, but unfortunately his zeal carried him without the realm of evidence. It was not the duty of counsel for appellant to attend to getting the report into evidence, but counsel for appellee having sought to have it considered by the Court, thereby assumed the duty of having it *358 properly before the Court. The responsibility rested upon him.
The order is reversed for further proceedings not inconsistent with the foregoing opinion.
SHANNON, C.J., and WHITE, J., concur.