**Robert C. RILEY, Alfred R. Shipley and Richard Endicott, Defendants-Appellants,**

v.

**Bernice A. WEGNER, David Beryl Moore and Mary E. Moore, husband and wife, Plaintiffs-Appellees.**

No. 1–1179A324.

Court of Appeals of Indiana.

May 29, 1980.

Rehearing Denied June 16, 1980.

Kenneth R. Baker, Lawrence D. Giddings, Peyton & Giddings, Lebanon, for defendants-appellants.

Paul G. Roland, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for plaintiffs-appellees.

RATLIFF, Judge.

STATEMENT OF THE CASE

Plaintiffs-appellees Bernice A. Wegner, David Beryl Moore, and Mary E. Moore filed a complaint seeking an injunction and damages arising from flooding which occurred on the land owned by Mrs. Wegner and the Moores after defendants-appellants Robert C. Riley, Alfred R. Shipley, and Richard Endicott altered a dam which is

located on the property of Riley, Shipley, and Endicott. The trial court entered judgment in favor of Wegner and the Moores.

## ISSUE

Disposition of this appeal requires consideration of only one of the five issues presented by Riley, Shipley, and Endicott: Did the trial court err in communicating with a witness, after trial, concerning that witness' testimony?

## DECISION

In *Kessler v. Williston*, (1947) 117 Ind. App. 690, 75 N.E.2d 676, the judge of the trial court obtained evidence independent of the evidence submitted by the parties. Judge Flanagan wrote at 692 of 117 Ind. App., at 677 of 75 N.E.2d: "The general rule, conceded to be so by appellee, is that it is reversible error for a court to base a judgment upon information obtained by extra-judicial inquiry either by the judge or someone on his behalf." (Citations omitted.)

In the case at bar, the trial ended on May 18, 1979. On July 2, 1979, the judge called Roger Park, who had testified at the trial, and asked Park questions concerning flow lines and elevations. The judgment was entered on July 3, 1979.

Wegner and the Moores argue that the judgment was not based upon the information which was gained by extra-judicial inquiry. At trial Park had provided vital information concerning the pool stage of the lake and the elevations of the dam, the water, and the land which was flooded in 1977. He offered his opinion as to the reason the flooding of the land of Wegner had not been significant in 1948, when the Wegner's signed a flowage agreement, but had increased after the dam was altered in 1977. The trial court ultimately entered findings concerning the natural flow of a stream passing through Wegner's land, the extent of flooding which occurred in 1977 and thereafter, and the intent of the persons who executed the flowage agreement. The trial court ordered that the dam be lowered so that the level of the lake would be below the bottom of a tile which carried the stream from Wegner's property to the property of Riley, Shipley, and Endicott.

Williston contended in *Kessler v. Williston, supra,* that the information which the judge obtained was not considered in reaching the decision. In response, Judge Flanagan wrote at 117 Ind.App. 692–93, 75 N.E.2d at 677:

"This court presumes that a trial court performs its duty in a proper manner. But where a court delays entering judgment while the judge thereof makes an extra-judicial inquiry, we think the presumption that the court performed its duty in the proper manner falls, and in the absence of some showing to the contrary the only logical inference is that the information so obtained by the court was considered."

In light of the nature of Park's testimony at trial, we cannot hold as a matter of law that the judge, who specifically called Park and asked him additional questions concerning flow lines and elevations just one day before entry of judgment, ignored Park's answers to those questions in reaching a decision.

Judgment reversed. This cause is remanded to the trial court for a new trial.

ROBERTSON, P. J. and NEAL, J., concur.