**Phillip GRAY, Appellant (Respondent Below),**

v.

**MONROE COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee (Petitioner Below).**

No. 53A01–8803–JV–0099.

Court of Appeals of Indiana, First District.

Oct. 25, 1988.

Patrick M. Schrems, Monroe County Public Defender, Bloomington, for appellant.

Betty K. Mintz, Monroe County Dept. of Public Welfare, Bloomington, for appellee.

ROBERTSON, Judge.

Appellant-respondent Phillip Gray (Gray), father of Mary Sue Gray, a child in need of services, appeals from the juvenile court's denial of his motions for change of judge and for jury trial.

We affirm.

Mary Sue Gray was adjudged a child in need of services on July 29, 1986 and was placed in foster care. A hearing to review the placement was held on October 8, 1987. On January 4, 1988, after the court had approved the continued placement of Mary Sue on December 18, 1987, Gray filed *pro se* a motion for a jury trial and a motion for

change of judge, which motions were denied.

Gray acknowledges that IND.CODE 31–6–7–10(c) provides that "all matters in juvenile court shall be tried to the court." However, he claims his right to a jury trial may not be abridged and is protected under Art. 1, § 20 of the Indiana Constitution. ("In all civil cases, the right of trial by jury shall remain inviolate.") The constitutional right to trial by jury in all civil cases has been construed to apply only to actions triable by jury at common law.) *State ex rel. Gannon v. Lake Circuit Court* (1945), 223 Ind. 375, 61 N.E.2d 168. No special judicial system for juveniles existed at common law. *Bible v. State* (1970), 253 Ind. 373, 254 N.E.2d 319. Therefore, Art. 1, § 20 does not give a party a right to a jury in proceedings in juvenile court. The Appellate Court so noted in a case involving children adjudged to be neglected by their parents, in *Shupe v. Bell* (1957), 127 Ind. App. 292, 141 N.E.2d 351. Because juvenile matters are tried to the court, Gray's motion for jury trial was properly denied.

We also find no error in the court's denying Gray's motion for change of judge. IND.CODE 31–6–7–9(a) requires that a motion for change of judge be filed at least 24 hours before the fact-finding hearing. Gray's motion was filed two months after the hearing. Consequently, the motion was not timely, and Gray may not succeed under Trial Rule 6(B)(2) permitting enlargement of time where the failure to act was the result of excusable neglect. Gray has failed to point to any circumstances indicating excusable neglect, other than his status as a *pro se* petitioner. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained legal counsel is bound to follow. *State ex rel. Medical Licensing Board v. Stetina* (1985), Ind.App., 477 N.E.2d 322. Also, the denial of a motion to enlarge time after the expiration of the specified period is a matter of discretion for the trial court, which is reviewable only for abuse of discretion. *Clark County State Bank v.*

*Bennett* (1975), 166 Ind.App. 471, 336 N.E.2d 663. Gray has not demonstrated abuse of discretion here.

JUDGMENT AFFIRMED.

GARRARD, P.J., and NEAL, J., concur.