R.D.I., Appellant–Respondent,

v.

K.C.K. & S.K., Appellees–Petitioners,

and

E.K.L., Appellee–Respondent.

No. 10A01–8811–CV–358.

Court of Appeals of Indiana,
First District.

June 13, 1989.

John M. Mayer, Jr., Hanger, Engebretson, Mayer & Vogt, Clarksville, for appellant-respondent.

S. Frank Mattox, Lewis A. Endres, Young, Lind & Endres, New Albany, for appellees.

ROBERTSON, Judge.

The sequence of events relevant to the issue in this appeal shows that the trial court held a bench trial to resolve the paternity of K.C.K. The parties put on their evidence, which included blood tests of all the parties. The parties rested their case and the matter was taken under advisement on February 11, 1988. On April 29, 1988, the trial court ordered a DNA fingerprinting test administered to the respondent-appellant R.D.I. The test results indicated that R.D.I. was the father. On July 27, 1988, the trial court entered a judgment finding R.D.I. to be the father of K.C.K. The case had not been reopened in any fashion from the time it was taken under advisement.

R.D.I. states the issue as whether or not reversible error was committed in ordering and receiving the DNA fingerprinting test without reopening the case for additional evidence. For the reasons stated below, we are of the opinion that reversible error does exist and, accordingly, reverse and remand with instructions.

The reason for reversing is succinctly stated by Judge Sullivan in *Haskett v. Haskett* (1975), 164 Ind.App. 105, 327 N.E.2d 612, 617:

Evidence necessary to establish an ultimate fact in controversy as essential to

judgment must come before the court during trial—not before and not after.

The right of a trial with the resulting opportunity to confront adverse witnesses and cross-examine them is basic. *Tumbleson v. Tumbleson* (1947), 117 Ind.App. 455, 73 N.E.2d 59. The failure to make the opportunity of confrontation and cross-examination available is violative of due process. *Hardin v. State* (1973), 260 Ind. 501, 296 N.E.2d 784. We would also observe that the general rule is that it is reversible error for a trial court to base a judgment upon information obtained by extra-judicial inquiry. *Riley v. Wegner* (1980), Ind.App., 404 N.E.2d 1189.

The arguments presented by the petitioner-appellee mother S.K. are that the test did not affect the outcome of the case and that there was no abuse of discretion. We are not persuaded by the argument that the judgment was not affected by the test results. In addressing the same contention in *Kessler v. Williston* (1947), 117 Ind.App. 690, 75 N.E.2d 676, 677, it was held that:

"This court presumes that a trial court performs its duty in a proper manner. But where a court delays entering judgment while the judge thereof makes an extra-judicial inquiry, we think the presumption that the court performed its duty in the proper manner falls, and in the absence of some showing to the contrary the only logical inference is that the information so obtained by the court was considered."

Insofar as an abuse of discretion is concerned a judge operates within the confines of justice to decide and act in accordance with what is fair and equitable. *Hawblitzel v. Hawblitzel* (1983), Ind.App., 447 N.E. 2d 1156. We are of the opinion that receiving the DNA fingerprinting test results without reopening the case falls outside of fair and equitable considerations.

■ S.K. also argues that the issue is waived because no objection was made and no motion was made to reopen the case.

Cases should be decided upon the merits when possible. *Costanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12. There are two reasons why we feel waiver is not appropriate. The first is that the sequence of events after ordering the test was such that an objection may well have been a useless act. The results were received and acted upon before R.D.I. could have made a meaningful objection. Additionally, R.D. I.'s motion to correct errors asked that the judgment be vacated. Had that occurred the possibility of reopening the case would be a strong possibility. In any event, R.D. I. tried to get back before the trial court and we see no waiver question presented in that regard.

The cause is reversed and remanded with instructions to vacate the judgment and hold such hearings as are appropriate to consider the results of the DNA fingerprinting test.

Judgment reversed and remanded.

RATLIFF, C.J., and STATON, J., concur.