In re the MARRIAGE OF Phillip R.
DUKE and Pamela S. Duke.

**Pamela S. DUKE,
Respondent–Appellant,**

v.

**John W. WYNNE, as Executor of the
Estate of Phillip R. Duke,
Petitioner–Appellee.**

No. 32A01–8902–CV–49.

Court of Appeals of Indiana,
First District.

April 10, 1990.

---

Howard S. Young, Jr., Young & Young, Frank E. Spencer, Robert E. Lehman, Michael F. Singer, Indianapolis, for respondent-appellant.

William M. Evans, G. Pearson Smith, Jr., Stephen E. Arthur, Bose McKinney & Evans, Charles F. Cremer, Jr., Indianapolis, for petitioner-appellee.

## ON PETITION FOR REHEARING

ROBERTSON, Judge.

We omitted consideration in our original opinion, 549 N.E.2d 1096, of the executor's request for appellate attorney fees, and his assignment of error to the trial court's denial of attorney fees incurred by the estate after April 28, 1988, the date on which the lower court denied Pamela's motion to vacate void judgment. The executor argues as grounds on which we should assess attorney fees, that Pamela Duke maintained her action to set aside the dissolution when well-established law clearly contradicted Pamela's argument that the defects in the decree went to the court's subject matter jurisdiction.

The trial court, in a general order, denied the executor's request for fees under IND.CODE 34–1–32–1. Ordinarily, in reviewing a trial court's decision to award or deny attorney fees under this statute, we are presented with mixed questions of fact and law. Accordingly, the trial court's findings are reviewed under the clearly erroneous standard, while the trial court's legal conclusion that a party's conduct came under the standard set out at I.C. 34–1–32–1 (set out below) we will review *de novo*. *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, 167.

In the instant case, the trial court did not make findings of fact. Moreover, the allegations of the executor do not depend on an analysis of the actions of Pamela's attorney during development of the case as was the situation in *Kahn* and *General Collections, Inc. v. Decker* (1989), Ind.App., 545 N.E.2d 18. Rather, we determine that the actions which the executor says warrant sanctions on Pamela's attorney are matters revealed in the record below or depend upon the development of caselaw as the Pamela Duke case was un-

folding. Hence, we begin by determining whether Pamela's attorney:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Upon finding either of these elements, a court may award attorney's fees as part of the cost to the prevailing party. I.C. 34–1–32–1.

Our supreme court has adopted the interpretation of I.C. 34–1–32–1 set out in *Kahn v. Cundiff,* 533 N.E.2d 164. *Kahn v. Cundiff* (1989), Ind., 543 N.E.2d 627. We conclude that, because Pamela's attorney had not been able to make a good faith and rational argument for an extension, modification or reversal of existing law, the attorney continued to litigate the claim after the claim became frivolous. We also conclude that the claim became clearly frivolous as of the November 11, 1988 hearing at which the court noted that *Mann v. Mann* (1988), Ind.App., 528 N.E.2d 821 refuted the attorney's argument that a failure of a requisite of the dissolution statute would deprive the court of subject matter jurisdiction, making the judgment void.

■ A claim is "frivolous" (a) if it is taken primarily for the purpose of harrassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Kahn,* 543 N.E.2d 627.

■ The executor points to that part of the record of the November 11th hearing where the court notes the then-recent *Mann v. Mann,* saying:

THE COURT: The main case uh, that is in this week's Advance Sheets does set out the law very well but it's not new, I mean it's the same law that's been in the state forever and that is the differ-

ent, distinguishes the difference between a void and voidable judgment. And the Ruling of the Court on this matter will be ...

MR. YOUNG: Well Judge can we get time to brief that?

THE COURT: Oh you want, you want to brief that?

MR. YOUNG: Yes, I really do Judge, honest to goodness.

THE COURT: Well this is this is this week.

MR. YOUNG: But I haven't read that for one thing. So you would have given us 3 to 4 days.

THE COURT: I'll give you 3 or 4 days.

MR. YOUNG: Thanks your Honor.

MR. CREMER: Your Honor, could be certain (sic) that the 3 or 4 days is limited to a brief on the questions of jurisdiction on a particular case, Indiana Cases that kind of judgment is voidable?

THE COURT: Yes.

MR. YOUNG: Our brief Judge will be confined to jurisdiction of this case uh, based on whether it's uh, subject matter or otherwise.

THE COURT: You take the facts of this case and if you can convince me it's subject matter jurisdiction then fine.

MR. YOUNG: Okay, I can do it Judge.

*Mann* was decided on September 26, 1988. As the court observed *Mann* was not decided on novel authority or on authority new to this jurisdiction. Nevertheless, and more germane to our decision, *Mann* succinctly sets out the distinction between subject matter jurisdiction and jurisdiction of the particular case in the context of the dissolution statute concerning residency requirements, I.C. 31–1–11.5–6. *Mann* held that allegations brought under Ind.Trial Rule 60(B), that the ex-spouse was not an Indiana resident at the time of the dissolution were waived if not presented at the earliest opportunity, and affected only the trial court's jurisdiction over the particular case. The holding in *Mann* directly refutes Pamela's argument that dissolution is a special statutory action unknown to common-law, and therefore the

court must strictly enforce the requirements of the statute, analogizing from *Shupe v. Bell* (1957), 127 Ind.App. 292, 141 N.E.2d 351; *Martin v. Rinck* (1986), Ind. App., 491 N.E.2d 556, and other cases. Failure to so enforce the requirements of the statute deprive the court of subject matter jurisdiction, continued Pamela's argument. Although her attorney was arguing for an extension of the law, not all such arguments can be said to be taken in good faith where recent case law, directly in point, forecloses such an extension. Pamela's attorney did not cite or attempt to distinguish *Mann* in its appellate briefs, choosing to ignore its obvious ramifications for Pamela's case. Since *Mann* had appeared in the recent advance sheets at the November 11th hearing, we hold that Pamela's attorney continued to litigate the claim after it had become frivolous—after he could no longer support the action by good faith argument for an extension, modification, or reversal of existing law. Attorney fees incurred by the executor after November 11, 1988 should be awarded.

On the same basis, we also award appellate attorney fees under Ind.Appellate Rule 15(G).

 Appellate fees may be imposed if an appellant's contentions and argument are utterly devoid of all plausibility. *McEwen v. McEwen* (1988), Ind.App., 529 N.E.2d 355. The court has held "plausibility" to mean "the quality or state of apparent validity, reasonableness or credibility; and without any connotation of deceptiveness, speciousness, or underlying fallaciousness." *Orr v. Turco Manufacturing Co., Inc.* (1987), Ind., 512 N.E.2d 151, 153, n. 3. We view the argument of Pamela's attorney with respect to the cited cases' applicability to subject matter jurisdiction as advanced with a measure of speciousness, and lacking in apparent validity, in view of the existence of *Mann*, which was completely on point, and cited by the trial court and by the executor on appeal. Accordingly, we reverse the trial court's order denying attorney fees and remand for a hearing to determine the amount of attorney fees incurred by the executor after November 11, 1988, until and including defense of this appeal.

Reversed and remanded.

HOFFMAN, P.J., and BAKER, J., concur.