**Ernest JOLLEY, Appellant–Respondent,**

v.

**POSEY COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee–Petitioner.**

**No. 65A01–9303–JV–79.**

Court of Appeals of Indiana, First District.

Nov. 8, 1993.

Michael C. Keating, Keating & Bumb, Evansville, for appellant-respondent.

David O. Givens, Mt. Vernon, for appellee-petitioner.

ROBERTSON, Judge.

The appellant-respondent Jolley is appealing the trial court ruling which terminated his parental rights to his three children. Because we reverse, we shall only consider the issue of whether the trial court erred in failing to appoint a guardian ad litem in these proceedings.

The appellee-petitioner Posey County Department of Public Welfare (DPW) filed a motion to dismiss premised upon a confession of error in lieu of a brief.

It has been law of long-standing in criminal cases that the confession of error by the appellee does not relieve this court of the obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required. *Marcum v. State* (1987), Ind.App., 509 N.E.2d 895, 896.

In civil cases the parties cannot bind the court to an erroneous interpretation of the law by the parties. To this extent then a confession of error by the appellee does not relieve this court of the obligation to decide the case according to the applicable law; nor can the parties by agreement substitute their own interpretation of law for that of the courts.

We reverse this case because, under the provisions of Ind.Code 31–6–5–4, the failure to appoint a guardian ad litem in parental termination proceedings is not harmless error. *Matter of S.L. and D.L. v. Steuben County Department of Public Welfare* (1992), Ind.App., 599 N.E.2d 227.

Accordingly, we reverse and remand for further action not inconsistent with this opinion.

NAJAM and SULLIVAN, JJ., concur.