NOBLESVILLE CITY PLAN COMMISSION *v.*
GATEWOOD ET AL.

[No. 19,830. Filed April 9, 1963. Rehearing denied May 15, 1963.]

*Roberts & Church, Campbell, Campbell, Malan & Kyle,* both of Noblesville, *Anderson, Correll & Pettigrew,* and *Fansler, Fauvre, Dongus & Gemmer,* of Indianapolis, for appellant.

*Robert S. Webb, Irene T. Webb, Paul G. Smith* and *Webb, Webb & Smith,* of counsel, of Noblesville, for appellees.

RYAN, J.—The complaint alleges in substance that the Common Council of the City of Noblesville adopted a Master Plan Ordinance on September 23, 1957, pursuant to the Acts of 1947, ch. 174, and that said ordinance was further amended on October 26, 1959. That thereafter on April 14, 1960, more than fifty freeholders who resided in Delaware Township, Hamilton County, Indiana, requested that Delaware Township be joined with the City of Noblesville for planning and zoning purposes. A hearing was held on this petition by the trustee of Delaware Township and his ad-

visory board on May 9, 1960. No remonstrances were filed to this peition and after the hearing it was sent to the appellant requesting such joinder. Then, on August 29, 1960, pursuant to the recommendation of the appellant, the Common Council of the City of Noblesville adopted a resolution approving such joinder, and the City of Noblesville and Delaware Township then executed a joinder agreement.

It further alleges that on August 29, 1960, the real estate of the appellees was used for residential and agricultural purposes only and that no part of the land was improved by any hard surface runway for use of airplanes and no buildings for commercial use were in existence or under construction but "in September of the year, 1960, the exact date being unknown to Plaintiff, the Defendants began grading a portion of their said land as a runway for the landing of planes."

On October 10, 1960, the Common Council of the City of Noblesville adopted its Ordinance No. 796, by the terms of which the Master Plan was extended to include all of Delaware Township, and that at this time the land in question was not used for any purpose other than residential and agricultural.

It further alleges that the appellees' land is within the jurisdiction of the appellant and that under the terms of the ordinance it is limited to residential and agricultural use.

That on October 31, 1960, appellees were notified by the attorney for the plaintiff that appellees should take no further action until the appellant was satisfied as to the usage of the land in question. The defendants made no reply to such letter nor made any application for any improvement permit. Since October 10, 1960, appellees had violated the terms and pro-

visions of the zoning ordinance by constructing a hard surface runaway, a service station, by constructing and equipping a building for use as a restaurant, by organizing and announcing the intended operation of aircraft from the premises, and by using and/or permitting land to be used for the operation of the business of buying and selling airplanes and other purposes incidental thereto, all of which the appellant claims are in violation of the zoning ordinances.

Appellees filed their demurrer to this complaint alleging (1) that the court had no jurisdiction of the subject matter, (2) that the court had no jurisdiction of the case, and (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer to the complaint was sustained and the appellant refused to plead over and judgment was rendered in favor of the appellees, the defendants below. The appellant now assigns as error the sustaining of the demurrer by the court below.

The grounds for demurrer are specifically provided for by statute, being Burns' §2-1007, 1946 Replacement. Such statute makes no provision for demurring because the court does not have jurisdiction of the case. However, the ground of the demurrer that the court had no jurisdiction of the subject matter calls to question the power of the Hamilton Circuit Court to hear and determine cases of the general class to which this particular case belongs. The question of jurisdiction of the subject matter is not dependent upon the validity of the demands set forth in the complaint nor upon the sufficiency of the allegations thereof. *Hirschman et al.* v. *Mar. Co. Plan Comm. et al.* (1958), 128 Ind. App. 520, 146 N. E. 2d 277.

The Hamilton Circuit Court is a court of general jurisdiction and the complaint clearly indicates that it is predicated upon a general class of cases over which such court has jurisdiction.

The third specification, that the complaint does not state facts sufficient to constitute a cause of action, presents us with a more serious question. The appellees strenuously urge that the allegation in the complaint that "in September of the year, 1960, the exact date being unknown to Plaintiff, the Defendants began grading a portion of their said land as a runway for the landing of planes" shows a non-conforming use was thus established before the effective date of the zoning ordinance and its application to the defendants' land as a matter of law.

*DeSchamps* v. *Board of Zoning Appeals etc.* (1960), 241 Ind. 615, 174 N. E. 2d 581, indicates that to state a cause of action in a case such as this, the only necessary allegations would be the existence of the ordinance, and (2) the violation of such ordinance by the defendants. This the complaint does, and the demurrer admits the validity of the ordinance and the allegations of violation thereof by the defendants-appellees.

The general rule is that zoning ordinances ordinarily have no retroactive effect and do not disturb existing uses of property, and thus such ordinances are subject to any vested rights in the property acquired prior to the enactment of such ordinance. It is specifically provided in the ordinance here by Section 20, that:

"The *lawful use of* of a Building or premises, *existing* at the time of passage of this Ordinance, may be continued . . ." (emphasis added)

It is true that where a cause of action is stated in a complaint and the complaint also contains allegations constituting a defense, and which facts otherwise the defendant would have to affirmatively plead, the complaint is not good against a demurrer. 23 I. L. E. Pleadings §96. But where the necessary and essential averments of a cause of action are stated directly and positively, an inference of a defense to such action, suggested by any of the averments in the complaint, will not defeat the cause of action and render the complaint subject to a demurrer. *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 99 N. E. 126.

The allegation, while it may create an inference of an existing non-conforming use, does not in fact directly and positively do so. As a matter of fact, under such averment the appellees may or may not have established a non-conforming existing use and we cannot hold as a matter of law that it does or does not do so.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer of appellees.

Cooper, C. J., and Carson and Clements, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 426.