FAGAN v. ROYER ET AL.

[No. 30,113. Filed October 10, 1963.]

*Paul Reed,* of Knox and *Thomas Essex,* of Winamac, for appellant.

JACKSON, J.—This is an appeal from a judgment of the Pulaski Circuit Court in a drainage proceedings. A petition for drainage filed in the Pulaski Circuit Court instituted the action. On March 16, 1960, the court appointed the county Surveyor, A. M. Van Meter, as engineer and also appointed two men, Lee Sommers and Ernest Daily, to act as viewers. The report of the engineer and viewers was favorable to the proposed drainage project, and included the character of

the work, the estimated costs and benefits, and a schedule of assessments.

Remonstrances were filed and hearings had thereon, following which the Surveyor filed a supplemental report in which he overruled the objections or remonstrances of Ruth M. Brown and James W. Martin, deleted from the proceedings certain lands of Arnold Bonnell and Florine Bonnell, and increased the acreage and assessment, with their consent, of Vincent Jones and Alma Jones, and added to the assessment and benefit roles of the project and lands of Cris Frazier and Hazel Frazier. The supplemental report contains the statement:

"The entire Royer branch was by agreement of all parties deleted it appearing that at this time expenses of construction were to [sic] great.

"Accordingly said report is modified but in all other respects confirmed.

"Said original report is filed herewith and made a part hereof by reference."

On May 4, 1960, James W. Fagan filed his remonstrance to the "Report of Viewers and Engineer and the County Surveyor," and to the "Surveyor's Supplemental Report," such remonstrance alleging in substance:

1. That remonstrator is the owner of certain lands therein designated.

2. That his land is affected by the proposed drainage project although the same does not appear on the list of owners and lands, exhibit D with said "Report of Viewers, etc."

3. That the petition originally filed prays construction of a new drainage system including " 'that said open ditch be so constructed as to deepen the same

by at least two feet,' as appears in rhetorical paragraph No. 5 thereon; that the reports to which this remonstrance is directed do not propose to comply with said petition as to the item specified herein . . . ."

4. That the present system of drainage is inadequate in the following particulars:

a. That it fails to drain away excess rainfall, resulting in extensive crop losses to this petitioner and others;

b. That it requires frequent repair because its banks regularly cave in;

c. That it is progressively damaging a county road along the north side of Section 11 because of bank caving in;

d. That its failure to drain away excessive rainfall has regularly resulted in backing up and standing water in the basement of the home of said Thomas A. Fagan on the lands hereinabove described.

5. That prior to a dozen years ago or more the present drainage system followed a different course from the present course below the outlet of the tile which drains remonstrator's lands, and prior to said change the lands of this remonstrator were properly and adequately drained.

6. That said reports are defective in that they fail to provide for adequate and proper drainage below the outlet of remonstrator's lands.

7. That it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits as assessed.

8. That the proposed work will neither improve the public health, be of public utility, nor benefit any public highway.

Thereafter, on May 5, 1960, said remonstrant filed an amended remonstrance to the proposed project which alleges:

"1. That he is, with Thomas A. Fagan and Mary K. Fagan, the owner of the South one-half of Section (1), Township 29 North, Range 2 West, excepting therefrom the Northwest Quarter of the Northwest Quarter of the Southwest Quarter of said Section 1, which is owned solely by the said Thomas A. Fagan and Mary K. Fagan.

"2. That the said South half of Section One, with such exception, is affected by the drainage proposed to be constructed by said reports, although the same does not appear on the list of owners and lands, Exhibit D, with the said 'Report of Viewers, etc.'

"3. That the petition originally filed herein prays construction of a new drainage system, including 'that said open ditch be so constructed as to deepen the same by at least two feet,' as appears in Rhetorical Paragraph No. 5 thereon; that that [sic] the reports to which this remonstrance is directed do not propose to comply with said petition as to the item specified herein in that part of the said ditch which will run through Section 11 of said township along the course of the existing Jacob Purdy Ditch, known also as Mud Creek.

"4. That the present system of drainage is inadequate in the following particulars, to-wit:

"a. That it fails to drain away excess water, resulting in extensive crop losses to this petitioner and others;

"b. That it requires frequent repair because its banks regularly cave in;

"c. That it is progressively damaging a county road along the north side of Section 11 (Indian Creek Township) because of bank caving in;

"d. That its failure to drain away excessive water has regularly resulted in backing up and standing of water in the basement of the home of the said Thomas A. Fagain [sic] on said lands.

"5. That prior to a dozen years ago or so, the said present drainage system followed a different course from the present course below the outlet of the time [sic] which drains remonstrator's lands, and prior to said change the lands of this remonstrator were properly and adequately drained, for which reason this remonstrator knows that such drainage can be provided, but which restoration is not comtemplated either by going to the formal channel or deepening, as petitioned, of the present channel.

"6. That said reports are defective in that they fail to provide for adequate and proper drainage below the outlet of remonstrator's lands by deepening said ditch sufficiently, installation of pilings or lowering of high banks to prevent cave in, or by changing of the course to provide proper fall and outlet through said Section 11.

"7. That it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits as assessed.

"8. That the proposed work will neither improve the public health, be of public utility, nor benefit any public highway.

"9. That the proposed work as decided upon and reported by the surveyor will not be sufficient to properly drain the land to be affected."

Another remonstrance was filed by Thomas A. Fagan and nine other persons to the "Report of Viewers etc." and to the "Surveyor's Supplemental Report."

Trial was had to the court on the remonstrances resulting in a finding "for the remonstrators on their respective remonstrances that the report of the Engineer and Viewers is not according to law and should be referred back for correction or amendment." Accordingly the report was referred back and the Engineer and Viewers were directed to file their new or amended report by Monday, September 12, 1960.

On October 4, 1960, the Engineer and Viewers filed their amended report, including therein appellant's land and assessing the sum of $5,640.00 against such lands.

To the amended report appellant, on October 18, 1960, filed a verified motion to strike; the motion was sustained; the amended report filed on October 4, 1960, was stricken and time to file the amended report ordered filed on September 12, 1960, was extended to November 10, 1960.

On November 10, 1960, the Engineer and Viewers refiled their amended report. To this amended report appellant again remonstrated. Trial was thereafter had to the court on this remonstrance, resulting in a finding and judgment by the court on December 30, 1960, that the report be referred back to the Engineer and Viewers for the preparation and filing of an amended report providing changes in specifications, profile and certain assessments. The court fixed the time for the filing of such amended report as on or before January 10, 1961.

On January 10, 1961, the Engineer filed what purports to be the Engineer and Viewers newly amended or second amended report herein.

To the purported newly amended report the appellant filed a remonstrance on January 18, 1961, alleging therein:

"1. That he is, with Thomas A. Fagan, and Mary K. Fagan, the owner of the South one-half of Section One (1), Township 29 North, Range 2 West, excepting therefrom the Northwest Quarter of the Northwest Quarter of the Southwest Quarter of said Section 1, which is owned solely by the said Thomas A. Fagan and Mary K. Fagan, a part of which is affected by the proposed drainage herein.

"2. That the report of the surveyor is not according to law in the following particulars, to-wit:

"a. The Court has heretofore referred said report back to the viewers and engineer with instructions to amend said report so that it would conform to law, but that such report has never been amended in any respect which might remove any legal error either by way of correction or addition.

"b. That the report as refiled on January 10, 1961, is not re-executed by the viewers and engineer, and the supplemental affidavit or certificate filed therewith on said date is signed by the engineer only and not by the viewers.

"c. The engineer and viewers did not in the course of preparing such reports estimate the benefits to be received by any of the lands involved in the proposed drainage area, and in particular the lands of the remonstrator, but merely divided the anticipated cost of the project among the lands; that they failed to consider and to determine whether the total cost would exceed the total benefits and that the assessments of benefits schedule fails to make allowance for those lands more favorably situated on higher ground having natural drainage.

"d. The original petition herein asked construction of a drainage system two feet deeper than that previously existing; that the viewers and engineer in their first amended report present a profile and specifications to achieve the desired depth, but that the January 10, 1961, report, not signed by the viewers, would omit that depth feature and would omit work entirely on a large section of the ditch previously found necessary by the viewers.

"3. That the report as amended and refiled on January 10, 1961, sets out that the lands of this remonstrator will be benefitted as follows:

Benefits

NW 1/4 SW 1/4 Sec. 1, Twp. 29 N, R 2 W
—40A                                    $60.00

SW 1/4 SW 1/4 Sec. 1, Twp. 29 N, R 2 W
—40A                                                    60.00
SE 1/4 SW 1/4 Sec. 1, Twp. 29 N, R 2 W
—40A                                                    60.00

"The original report referred to above, prior to amendment, did not include any assessment of benefits on the above lands. The amended report to which this remonstrance is addressed adds certain work to a sewer under a county road in the specifications which would cost an estimated $125.00 and adds certain additional charges for the services of the viewers and engineer in the sum of $38.24, making a total of $163.24 additional costs over the original report.

"The lands of Lily Schwabacher, being the Southeast quarter of Section 2, Township 29 North, Range 2 West, will be benefitted by the foregoing additional work and the county road between the lands of this remonstrator and the said Lily Schwabacher will be benefitted, but neither is proposed to be assessed for such additional work.

"Accordingly, the lands of the remonstrator are assessed too much as compared with the lands of Lily Schwabacher and the Pulaski County roads.

"4. That it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits.

"5. That the proposed work as decided upon and reported by the surveyor and viewers will not be sufficient to properly drain the land to be affected.

"WHEREFORE, the undersigned prays an order of the Court dismissing the pending proceedings.

James W. Fagan<br>James W. Fagan"

Trial was had to the court on the issues raised by the remonstrance resulting in a finding and judgment against the appellant, that he "take nothing by his remonstrance herein, and that the costs occasioned by

the remonstrance of James Fagan, remonstrator, be and they are taxed to said remonstrator . . . ."

Thereafter appellant filed a motion for a new trial, the grounds therefor, omitting formal parts and Exhibit "A," being:

"The remonstrator James W. Fagan, respectfully moves for a new trial on his remonstrance to the 'Report of Viewers and Engineer and the County Surveyor' and to the 'Surveyor's Supplemental Report' and to the amended version of those reports and the verified certificate filed therewith on January 10, 1961, in the above entitled cause on each of the following grounds:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law.

"3. The Court erred in admitting into evidence petitioners' Exhibit 1, which Exhibit purports to be an amended report of the viewers and engineer. The remonstrator made the objection to the admission of said exhibit, jointly with an objection to the admission of other exhibits, 1-A and 1-B, as follows: 'We will object to the admission of each of these exhibits for the same cause, that cause being that none of these exhibits shows the signatures of any viewers after the changes that are referred to, and in addition, to Petitioners' Exhibit 1, because it being an instrument signed only by the Engineer, is not any kind of paper contemplated by the drainage laws.' The Court's ruling on said objection was as follows: 'Objection overruled. Petitioners' Exhibit 1, 1-A and 1-B may be admitted in evidence.' A complete copy of the questions and answers identifying the said Exhibit 1, along with the objection and ruling thereon, is attached thereto, made a part hereof, and marked 'Exhibit A.'

"4. The Court erred in admitting into evidence petitioners' Exhibit 1-A, which exhibit purports to be a schedule of change of assessments and also a change in yardage. The remonstrator made the objection to the admission of said exhibit,

jointly with an objection to the admission of other exhibits, 1 and 1-B, as follows: 'We will object to the admission of each of these exhibits for the same cause, that cause being that none of these exhibits shows the signatures of any viewers after the changes that are referred to . . . .' The Court's ruling on said objection was as follows: 'Objection overruled. Petitioners' Exhibit 1, 1-A and 1-B may be admitted in evidence.' A complete copy of the questions and answers identifying said Exhibit 1-A, along with the objection and ruling thereon, is attached hereto, made a part hereof, and marked, 'Exhibit A.'

"5. The Court erred in admitting into evidence petitioners' Exhibit 1-B, which exhibit purports to be the change on the profile of the amount of yardage and the change in the grade line. The remonstrator made the objection to the admission of said exhibit, jointly with an objection to the admission of other exhibits, 1 and 1-A, as follows: 'We will object to the admission of each of these exhibits for the same cause, that cause being that none of these exhibits shows the signatures of any viewers after the changes that are referred to . . . .' The Court's ruling on said objection was as follows: 'Objection overruled. Petitioners' Exhibit 1, 1-A and 1-B may be admitted as evidence.' A complete copy of the questions and answers identifying said Exhibit 1-A, along with the objection and ruling thereon, is attached hereto, made a part hereof, and marked 'Exhibit A.' "

The motion for new trial was overruled and new trial denied on March 30, 1961.

Appellant assigns as error the sole specification,

"1. The court erred in overruling appellant's motion for a new trial."

We point out that the only brief filed in this appeal is that of the appellant, Fagan. The rule in Indiana

on this point is that appellees' failure to file a brief is considered to be a confession of the errors complained of by the appellant, and the cause may be reversed. However, this rule should only be invoked where appellant's brief makes a *prima facie* showing of error. *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Huffman* v. *Huffman* (1947), 117 Ind. App. 601, 75 N. E. 2d 172.

Appellant predicates error in the method used by the engineer and viewers to apportion the costs and benefits of the proposed drainage project. The statutory scheme of apportionment is as follows:

> "The surveyor in charge of any ditch hereafter established shall . . . apportion such costs and expenses to the several tracts of land assessed in proportion to the total assessment against the respective parcels of land benefited by the construction of such work. The apportionment to the respective tracts or parcels of land shall not exceed the benefits assessed against the same, respectively, . . . ." Acts 1951, ch. 147, §3, p. 386, being §27-134, Burns' 1960 Replacement.

It is quite apparent from the record and from appellant's brief that there was no attempt made to ascertain whether the benefits to appellant's land were in excess of the assessments made against his land and, hence, it is clear that the assessments made in the case at bar were not made in conformity to the statute. §27-134, Burns' 1960 Replacement, *supra*.

The appellant having made a *prima facie* case, under the rule, the appellee's failure to file a brief is considered to be a confession of the errors complained of by the appellant.

On the question of the burden of proof as to whether the assessments exceed the benefits, we have previously stated:

"A remonstrant, therefore, is entitled to a trial *de novo* in the circuit court on all issues made by him before the board. If the issue presents a legal objection to the proposed work as a whole, the burden of proof is upon the petitioners. If the issue presents only a legal objection to the remonstrant's particular assessment of benefits or damages, the burden is upon the remonstrant. In this case, the ground of remonstrance that the costs and damages exceeded the benefits presented a legal objection to the proposed work as a whole, and the court erred in giving and refusing the instructions last above quoted." *Trittipo* v. *Beaver* (1900), 155 Ind. 652, 658, 58 N. E. 1034.

In the case at bar the appellant presented a legal objection that the costs would exceed the benefits over the whole work, the burden of proving otherwise was upon the petitioners (appellees). This burden appellees have failed to sustain.

The cause is reversed and remanded with instructions to sustain appellant's motion for a new trial and for such other proceedings as are consistent with this opinion.

Myers, C. J., and Landis, J., concur; Achor and Arterburn, JJ., concur in result.

NOTE.—Reported in 193 N. E. 2d 64.