**The METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, Plaintiff-Appellant,**

v.

**Paul DOUGLAS, Defendant-Appellee.**

No. 2–778A239.

Court of Appeals of Indiana, Fourth District.

May 24, 1979.

Larry F. Whitman, Asst. Corp. Counsel, Indianapolis, for plaintiff-appellant.

Henry Y. Dein, Indianapolis, for defendant-appellee.

CHIPMAN, Presiding Judge.

■ Plaintiff-appellant Metropolitan Development Commission of Marion County (Commission) appeals the trial court's denial of a permanent injunction which the Commission sought against defendant-appellee Paul Douglas for allegedly maintaining a carport in violation of two Marion County zoning ordinances.[1] Due to our disposition of this appeal, we consider only one issue:[2] Did the trial court err in denying injunctive relief when the Commission established by uncontradicted evidence that Douglas' carport violated the Marion County Dwelling Districts Zoning Ordinance?

We reverse.

In denying the Commission's requested injunction,[3] the trial court made the following Findings of Fact and Conclusions of Law:

---

1. Chapter II, § 2.05(B)(3)(c) of the D–4 Regulations under the Dwelling Districts Zoning Ordinance of Marion County (Docket No. 66–AO–2) required that "no side yard shall be less than 5 feet." Following construction of his carport, Douglas' side yard was between .5 and 2.2 feet.

   Section 1(B)(1) of the Improvement Location Permit Ordinance of Marion County (Docket No. 71–AO–1) prohibited the erection of a structure without an Improvement Location Permit. Douglas was issued a permit which was subsequently revoked upon discovery that he had misrepresented the side yard measurements.

2. Douglas has failed to timely file an appellee brief. Thus the Commission need only establish that the trial court committed prima facie error to win reversal. *Fagan v. Royer* (1963) 244 Ind. 377, 193 N.E.2d 64, 69; *Colley v. Carpenter* (1977) Ind.App., 362 N.E.2d 163, 166.

3. Pursuant to Ind.Code 18–7–2–84.1, the Commission has the authority to seek injunctive relief in order to "enforce the provisions of any ordinance."

## FINDINGS OF FACT

1. The Court has jurisdiction of the persons, entities, and subject matter of this action.

2. The plaintiff, Metropolitation [sic] Development Commission, is a proper party plaintiff to maintain this action pursuant to Ind.Code §§ 18–4–8–8, 18–4–8–9, 18–7–2–20, and 18–7–2–84.1.

3. The defendant, Paul Douglas is the possessor, occupier and user of the real estate commonly referred to as 3714 Richelieu Road and more particular [sic] described as:

Lot 69 in the 1st Section of North Eastwood Addition, an addition in Warren Township, as recorded in Plat Book 31, Page 280 in the Office of the Recorder of Marion County, Indiana,

and hereinafter referred to as the "real estate."

4. The real estate was at all times relevant to this action zoned D–4, first by Zoning Ordinance 74–AO–2, adopting the Comprehensive Zoning Maps of Marion County, Indiana, and subsequently by Zoning Ordinance 77–AO–1, adopting the new Comprehensive Zoning Maps of Marion County, Indiana.

5. The Dwelling Districts Zoning Ordinance of Marion County contains regulations and requirements relating to the required side yards of real estate zoned D–4 and the required set-backs of structures from property lines.

6. At all times relevant to this cause the minimum side yard required by the said Dwelling Districts Zoning Ordinance was, and is, no less than five (5) feet from any adjacent property line.

7. The defendant has located a carport on the real estate which is 2.2 feet distant from an adjacent side property line, thereby creating a side yard of 2.2 feet in contravention of the requirement of at [least] a five (5) foot side yard.

8. Construction of a carport is regulated by the Improvement Location Permit Ordinance of Marion County.

9. Construction of the carport was commenced without obtaining an Improvement Location Permit.

10. On November 11, 1974, defendant obtained Improvement Location Permit 74–IP–4080 for the subject carport by means of an inaccurate plot plan which defendant certified to be correct, which plan showed compliance with the minimum side yard requirements of the Dwelling District Zoning Ordinance.

11. Improvement Location Permit 74–IP–4080 was revoked without notice to the defendant, or a hearing and said revokation [sic] was a violation of due process as required by the Constitutions of the State of Indiana, and the United States of America.

12. The adjoining lot owner waived in writing the encrochment [sic] complained of by the plaintiff and said encroachment is not a substantial violation of the Dwelling Distrcits [sic] Zoning Ordinance.

## CONCLUSIONS OF LAW

1. The law is with the defendant and against the plaintiff.

2. The carport on the real estate was constructed too close to an adjacent property line, but is not thereby a substantial violation of provisions of the Dwelling Districts Zoning Ordinance of Marion County, Indiana, and this encroachment was waived by the adjoining lot owner.

## JUDGMENT

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Improvement Location Permit previously granted and illegally revoked is restroed [sic] to the defendant.

IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that the deviation in side yard set-backs is waived by the property owner immediately affected and is not a substantial violation of the Dwelling Districts Zoning Ordinance.

Thus, although the trial court found a violation of the Dwelling Districts Zoning Ordinance, it denied the injunction on the basis of waiver and substantial compliance. This was error.

First, the trial court erred in basing its denial of injunctive relief on the adjoining lot owner's waiver of the encroachment. Enforcement of a zoning ordinance cannot be subject to the whim of an adjoining lot owner. Similarly, compliance with zoning laws cannot be conditioned upon the degree of "friendship" one enjoys with his neighbor. To hold otherwise would be to abrogate the wisdom, necessity and validity of zoning laws. Since zoning laws find their justification in some aspect of the police power and are asserted for the public welfare,[4] their vitality cannot be usurped by a congenial neighbor. Waiver by the adjoining landowner of Douglas' zoning ordinance violation is, therefore, irrelevant.

Second, the trial court erred in basing its denial of injunctive relief on Douglas' "substantial" compliance with the five (5) foot minimum side yard requirement. Generally, zoning violations may be enjoined without regard to the degree of noncompliance. "An action to restrain the violation of a zoning ordinance is sustained by allegation and proof of (1) an ordinance and (2) a violation of that ordinance." *Melton v. Area Plan Commission of Evansville and Vanderburgh County* (1974) 160 Ind. App. 476, 477, 312 N.E.2d 501, 502; *see also DeSchamps v. Board of Zoning Appeals of Kokomo* (1961) 241 Ind. 615, 174 N.E.2d 581, 583; *Board of Zoning Appeals of City of Plymouth v. Heyde* (1974) 160 Ind.App. 165, 310 N.E.2d 908, 911; *Noblesville City Plan Commission v. Gatewood* (1963) 134 Ind. App. 609, 189 N.E.2d 426, 428. These cases neither expressly nor impliedly permit one to escape the letter of zoning laws through substantial compliance. Strict compliance with zoning laws, as with traffic laws, is required. Furthermore, we believe strict compliance with the minimum side yard requirement to be logically justifiable. As the distance between structures on adjoining property decreases, so does the aesthetic balance of a residential community. Equally important is the increased fire hazard caused by closely situated structures. "Substantial" compliance with the five (5) foot minimum side yard requirement is, therefore, insufficient and irrelevant.

We acknowledge the unfortunate burden our decision places on Douglas who has already "expended more in litigating than in constructing the innocuous carport;" nevertheless, in light of our duty to follow controlling precedent, we reverse and remand for further proceedings not inconsistent with this opinion.

MILLER and YOUNG, JJ., concur.

---

4. *Village of Euclid, Ohio v. Ambler Realty Co.* (1926) 272 U.S. 365, 387, 47 S.Ct. 114, 71 L.Ed. 303.