**James H. KINDRED, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 4–1185 A 307.

Court of Appeals of Indiana,
Fourth District.

May 28, 1986.

Susan K. Carpenter, Public Defender, Margaret S. Hills, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Appellant James H. Kindred (Kindred) appeals the trial court's denial of his petition for post-conviction relief.

We reverse.

ISSUES

This appeal presents the following issues:

1. Whether the trial court erred by denying Kindred's motion for default judgment?

2. Whether original trial proceedings were void because juvenile jurisdiction was not properly waived?

3. Whether the trial court properly advised Kindred of his appellate rights in the original proceeding?

4. Whether the post-conviction court improperly denied Kindred his right to counsel because proper waiver thereof did not appear in the record?

5. Whether the post-conviction court erred by ruling Kindred had a duty to further recreate the silent record?

6. Whether the post-conviction court erred in denying Kindred post-conviction relief due to laches?

FACTS

In 1965 Kindred, then age 17, was charged in the Morgan Circuit Court with theft, operating a motor vehicle while under the influence of liquor, and having no operator's license. On motion of the prosecutor the Circuit Court waived jurisdiction of the juvenile court. Kindred entered a plea of not guilty on all counts. Following trial, the jury returned a verdict of guilty on one count, theft. The trial court sentenced Kindred to 180 days on the Indiana State Farm.

In June of 1984, 19 years later, Kindred filed a *pro se* petition for post-conviction relief alleging

1. the trial court lacked jurisdiction because juvenile jurisdiction had not been properly waived;

2. the trial court failed to order a presentence investigation; and

3. the trial court failed to advise Kindred of his right to appeal.

After pleading entanglements were unraveled, the trial court held a hearing on Kindred's petition for post-conviction relief. Kindred acted *pro se.*

The State presented testimony from the former prosecutor. He testified he had no file, several witnesses were still living, but one material witness was dead and several witnesses were living either out of the county or out of the state. Further, the stolen Chevrolet automobile, a material piece of evidence, could not be found. Finally, although a file had been reconstructed from the court's file there was no juvenile record, no police file, and the memories of the witnesses were hazy.

Other facts necessary to a resolution of the issues presented are stated *infra.*

DISCUSSION AND DECISION

■ The petitioner in a post-conviction relief proceeding has the burden of proving his grounds for relief by a preponderance of the evidence. The court hearing the petition is the sole judge of the weight of the evidence. We will reverse the trial court only where the evidence is without conflict and leads unerringly to a result other than the one reached by the trial court. *See, e.g., McHugh v. State* (1984), Ind., 471 N.E.2d 293, 294; *Martin v. State* (1984), Ind.App., 471 N.E.2d 1190, 1191; *Roberts v. State* (1981), Ind.App., 419 N.E.2d 803, 807; Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 5.

Because we reverse, we need discuss only issue 2.

*Waiver of Juvenile Court Jurisdiction* [1]

Kindred contends the Morgan Circuit Court never acquired juvenile jurisdiction.

1. The State does not respond to this argument in its brief. As is the case when an appellee

In the alternative, he argues if juvenile jurisdiction was acquired it was not properly waived, thus he could not be tried in the circuit court.

■ In support of these contentions at the post-conviction hearing Kindred introduced a copy of the Morgan Circuit Court criminal docket sheet.[2] The docket sheet was offered and admitted into evidence without objection as petitioner's exhibit 1. (R. 156).

Kindred asked the post-conviction court to take notice of the contents of the docket sheet. He argued it proved the trial court lacked jurisdiction to hear the charges filed against him. The State presented no evidence on this issue. However, the State's evidence on the issue of laches indicated no juvenile record was in existence.

The docket entry of June 28, 1965, stated:

State of Indiana appears by Richard D. Bray, Pros. Atty.

By the Court: How old are you? A. 17. Deft. appears in court in person and with counsel. Pros. Atty. moves that Juvenile jurisdiction be waived. The Court being duly advised now waives juvenile jurisdiction. Affidavit is read to the deft. And now the deft. is arraigned and enters a plea of not guilty.

Bond fixed in the sum of $1000.00. Deft. remanded to the custody of the sheriff until bond is obtained and approved.

When the 17-year-old Kindred was charged in Morgan Circuit Court the court had juvenile jurisdiction under Acts 1945, Chapter 347, § 2 as amended by Acts 1949, Chapter 20, § 1 codified at Burns § 9–3102 (1956 replacement).[3] Such jurisdiction was original and exclusive.[4] That is, the Morgan Circuit Court had both criminal (adult) jurisdiction and juvenile jurisdiction; it had the *authority* to hear such cases.

To exercise its juvenile jurisdiction over a delinquent child,[5] however, the Morgan Cir-

---

1. files no brief, failure to respond to an appellant's argument on a duly preserved and argued issue constitutes a confession of error by the appellee if the appellant makes a *prima facie* showing of error. *See, e.g., Fagan v. Royer* (1963), 244 Ind. 377, 387, 193 N.E.2d 64, 69; *Communications Workers of America, Local 5701 v. Drake* (1985), Ind.App., 487 N.E.2d 821, 823; *Arsenal Savings Ass'n. v. Westfield Lighting Co., Inc.* (1984), Ind.App., 471 N.E.2d 322, 325; Ind.Rules of Procedure, Appellate Rules 8.3(B) and (A)(7).

2. Ind.Rules of Procedure, Trial Rule 77(B) requires each court to keep a "civil docket." Generally, the docket sheet discussed here conforms to the definition of a docket as "... a minute, abstract or brief entry, or book containing such entries." *Black's Law Dictionary*, Revised 4th ed., p. 567. It also conforms, for the most part, with the definition of an "appearance docket," i.e., "... one in which the appeareances in an action are entered, containing also a brief abstract of the successive steps in each action." *Black's* at 567.

  The civil docket kept pursuant to Trial Rule 77(B) is a public record and is admissible as evidence when properly certified. *See, e.g., Kessler v. State* (1976), 171 Ind.App. 181, 186, 355 N.E.2d 262, 266; IND.CODE 34–1–17–7.

3. 9–3102. Counties in which circuit court shall possess juvenile jurisdiction.—In all other counties except as may be provided by law otherwise, the circuit court and the judge

thereof shall have and possess all the powers and shall perform the duties by law conferred on the juvenile court and the judge thereof. [Acts 1945, ch. 347, § 2, p. 1647; 1949, ch. 20, § 1, p. 37.]

4. 9–3103. Original exclusive jurisdiction.—The juvenile courts created by this act [§§ 9–3101 —9–3124] shall have *original exclusive jurisdiction, except when specifically waived by the court,* in such cases as provided by law, in all cases of delinquent, dependent, and neglected children, as defined by law, of divorced parents. And shall have exclusive original jurisdiction to determine the paternity of any child born out of wedlock, and to provide for the support and disposition of such child and in all other cases that may hereafter be conferred by law. [Acts 1945, ch. 347, § 3, p. 1647; 1947, ch. 354, § 1, p. 1427.] (Emphasis supplied).

5. 9–3204. "Delinquent child" defined.—The words "delinquent child" shall include any boy under the full age of eighteen [18] years and any girl under the full age of eighteen [18] years who:
  (1) Violates a law or municipal ordinance or regulation of the state or any subdivision thereof; except in proceedings concerning any child over sixteen [16] years who has violated any of the traffic laws of the state or any traffic ordinance of a subdivision of the state;

cuit Court was required to follow specific statutory procedures. A person subject to the jurisdiction of a juvenile court could be brought before it only "... by (1) petition praying ... the person be adjudged delinquent or dependent or neglected; or (2) certification and transfer from a court in which the person was charged with the commission of a crime." See, Burns § 9–3207 (1956 replacement).[6]

If a person under 18 years of age was charged with a criminal offense in any other court it was the duty of the court to transfer the case to the juvenile court. See, Burns § 9–3213 (1956 replacement).[7] After a juvenile court obtained jurisdiction it could, following full investigation, waive jurisdiction and transfer the case to be tried under the regular procedure of the (adult) criminal court. See, Burns § 9–3214 (1956 replacement).[8]

■ The undisputed evidence presented here shows the 17-year-old Kindred was charged with the crime of theft, and two driving-related offenses. Under Burns § 9–3213 (1956 replacement) the Morgan Circuit Court was required to transfer the cause as to the theft count to its juvenile docket. Then, under Burns § 9–3214, it was required to conduct a "full investigation" before "waiving" its juvenile jurisdiction and transferring the theft count to its (adult) criminal docket. Only by strict statutory compliance could the juvenile court obtain jurisdiction over the subject matter and person of Kindred, the juvenile. See, e.g., Shupe v. Bell (1957), 127 Ind.App. 292, 295–296, 141 N.E.2d 351, 353. Accord, Summers v. State (1967), 248 Ind. 551, 556–557, 230 N.E.2d 320, 323; Duty v. State (1976), 169 Ind.App. 621, 622, 349 N.E.2d 729, 730.

■ The Morgan Circuit Court never acquired juvenile jurisdiction, cf. note 6, supra. It could not therefore "waive" juvenile jurisdiction and obtain "adult" criminal jurisdiction over him even though the theft count was coupled with the exempted

---

(2) Commits an act which, if committed by an adult, would be a crime not punishable by death or life imprisonment; ... [Acts 1945, ch. 356, § 4, p. 1724.]

6. 9–3207. Jurisdiction—How obtained.—When jurisdiction shall have been obtained by the "court" in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one [21] years of age unless discharged prior thereto or is committed to a correctional or other state institution. A person subject to the jurisdiction of the juvenile court under this act [§§ 9–3201—9–3225] may be brought before it by either of the following means and no other:
(a) By petition praying that the person be adjudged delinquent or dependent or neglected;
(b) Certification and transfer from any other court before which any such person is brought charged with the commission of a crime. [Acts 1945, ch. 356, § 7, p. 1724.]

7. 9–3213. Transfer of cases from other courts.—If a complaint or charge of a criminal or quasi-criminal nature is made or pending against any person in any other court, and, it shall be ascertained that said person was under the age of eighteen [18] years at the time the offense is alleged to have been committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court, excepting, however, cases against children over sixteen [16] years of age charged with violation of any of the traffic laws of the state or of any traffic ordinances of a subdivision of the state, and further excepting cases against children charged with a violation of law, which if, committed by an adult, would be a capital offense. The court making such transfer shall order the child to be taken forthwith to the place of detention designated by the juvenile court or to the court itself, or release such child in the custody of some suitable person to appear before the juvenile court at a time designated. The juvenile court shall thereupon proceed to hear and dispose of such case in the same manner as if it had been instituted in that court in the first instance. [Acts 1945, ch. 356, § 13, p. 1724.]

8. 9–3214. Jurisdiction—Waiver.—If a child sixteen [16] years of age or older is charged with an offense which would amount to a crime if committed by an adult, the judge, after full investigation, may waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of such offense if committed by an adult; or such court may exercise the powers conferred upon the juvenile court in this act [§§ 9–3201—9–3224] in conducting and disposing of such case. [Acts 1945, ch. 356, § 14, p. 1724.] (Emphasis supplied).

charges dealing with the operation of motor vehicles, *cf.* note 5, *supra,* section (1). The subsequent adult criminal proceedings on the theft count were therefore null and void. Accord, *Shepard v. State* (1980), 273 Ind. 295, 297, 404 N.E.2d 1, 3; *Summers v. State* (1967), 248 Ind. 551, 556–557, 230 N.E.2d 320, 323.

Reversed and remanded for further proceedings consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.