**In re Camalla DAVIS, Appellant (Respondent Below),**

v.

**Carolyn WINSTON and Betty Davis, Appellees (Petitioners Below).**

No. 45A03-8807-CV-202.

Court of Appeals of Indiana, Third District.

March 27, 1989.

Elizabeth G. Tegarden, Linda J. Burton, Gary, for appellant.

HOFFMAN, Judge.

Appellant Camalla Davis appeals a custody decision by the Lake Superior Court, Juvenile Division. The facts indicate that Camalla Davis gave birth to three male children out of wedlock, Atari in 1982, Daniel in 1983, and Levell in 1984. Camalla's mother, Betty Davis, was appointed guardian of Atari and Daniel by the Cook County, Illinois Circuit Court. Camalla's aunt, Carolyn Winston, cared for Levell for three years at her Milwaukee, Wisconsin residence. On January 11, 1988, Camalla Davis failed to return Levell to Carolyn Winston after a visit. Camalla Davis took Levell to live with her in Gary, Indiana. On February 5, 1988, Carolyn Winston and Betty Davis filed a motion for injunction in the Lake Juvenile Division.

After a hearing, the Juvenile Division rendered the following:

"Further evidence being heard on herein motion, the Court now finds that herein minor, Levell Davis, born December 2, 1984, has lived with petitioner, Great Aunt from December 25, 1984 to January 11, 1988; that herein respondent voluntarily relinquished control and custody of minor on December 25, 1984 to petitioner, Great Aunt; that petitioner, Great Aunt has provided services, care, shelter and love to herein minor, Levell Davis for the past three years and, therefore, the Court grants Petitioners' Motion for Protective Order and finds that it is in the child's best interest to return to the care and custody of petitioner Great Aunt.

The Court now orders the respondent to return minor to petitioner instanter.

Further, the Court awards supervised visitation to respondent upon forty-eight (48) hours notice to petitioner; location

of visitation to be decided between the parties.

All of Which is approved and So Ordered by the Court this day."

Camalla Davis contends that the Lake Juvenile Division lacked subject-matter jurisdiction to award custody of Levell to Carolyn Winston.

The juvenile division claimed subject-matter jurisdiction through the following statutes:

"A juvenile court has exclusive original jurisdiction ... in the following:

\* \* \* \* \* \*

(7) Proceedings to issue a protective order."

IND.CODE § 31–6–2–1(a) (1988 Ed.).

"Upon its own motion or upon the motion of the child, the child's parent, guardian, custodian, or guardian ad litem, a probation officer, a caseworker, the prosecutor, the attorney for the county department, or any person providing services to the child or his parent, guardian, or custodian, the juvenile court may, for good cause shown upon the record issue an injunction:

(1) to control the conduct of any person in relation to the child[.]"

IND.CODE § 31–6–7–14(a) (1988 Ed.).

Child in need of services proceedings were never initiated. No endangerment or emergency medical situation was indicated. No petition to terminate parental rights was filed. No guardianship, adoption, habeas corpus, paternity, delinquency or divorce action was involved in this case. Camalla Davis' guardianship and parental rights to Levell were never severed. A court does not acquire jurisdiction over a particular juvenile case where the jurisdictional prerequisites are completely ignored. *In re Heaton* (1986), Ind.App., 503 N.E.2d 410, 414.

The juvenile division erred in making a custody decision in the posture of a protective order. A juvenile court has no authority to issue a protective order deciding custody unless jurisdiction is acquired in an underlying cause. The juvenile court lacked jurisdiction to take custody from the natural mother and award custody to a non-parent.

REVERSED.

STATON and ROBERTSON, JJ., concur.