587 N.E.2d 1341 (1992)
In the matter of the Termination of the Parent-Child Relationship of R.R., a Child, and Mary Reich, Her Parent.
Mary Reich, Appellant-Respondent,
v.
CRAWFORD COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee-Petitioner.
No. 13A04-9102-CV-51.
Court of Appeals of Indiana, Fourth District.
March 10, 1992.
*1342 Vickie Yaser, Indianapolis, for appellant-respondent.
Marcus M. Burgher, English, for appellee-petitioner.
CHEZEM, Judge.

Case Summary
Respondent/Appellant, Mary Reich, appeals from the denial of her verified motion for relief from judgment. We reverse.

Facts
On January 15, 1988, the Crawford County Department of Public Welfare (Department) initiated a child in need of services (CHINS) proceeding for Reich's children, R.R. and E.R. On January 26, 1988, following the evidentiary hearing, the children were adjudicated CHINS and were placed in foster care. Reich neither filed a motion to correct error nor initiated an appeal.
On July 22, 1988, following a six-month review hearing, Department filed a petition for the involuntary termination of the parent-child relationship involving children in need of services. On October 5, 1988, by agreement of the parties, the Orange Circuit Court assumed jurisdiction; thereafter, on March 15, 1989, the Court denied Department's petition. Both Reich, by counsel, and Department filed "case plans." On May 26, 1989, the Court approved a modified version of Department's Case Plan. On August 23, 1989, the Court held a final hearing at which time Reich and Larry White, the children's natural father, relinquished their parental rights to E.R.[1] On August 25, 1989, the Court terminated Reich and White's parental rights as to R.R. Counsel for Reich filed a praecipe, but never pursued the appeal.
On August 22, 1990, Reich, by counsel, filed a motion for relief from judgment (CHINS) pursuant to TR 60(B)(2), (5), (6), and (8). On August 23, Reich, by counsel, filed a second motion for relief from judgment (Termination) pursuant to TR 60(B)(2), (6), (7), and (8). On October 30, the Court granted Reich's motion to consolidate, but denied the requested relief. On November 3, Reich filed a motion to amend motion for relief from judgment in which she requested the court to consider the motion "a timely filed motion to correct error." The motion was denied as moot. Reich appeals.

Discussion and Decision
Reich first argues it was error for the court to deny her motions for relief from judgment.[2] A motion for relief from judgment under Ind. Rules of Procedure, *1343 Trial Rule 60(B) is addressed to the equitable discretion of the trial court, and its grant or denial will be disturbed only when that discretion has been abused. Fairrow v. Fairrow (1990), Ind., 559 N.E.2d 597. Abuse of discretion is found only when the trial court's action is clearly erroneous, against the logic and effect of the facts before it and the inferences which may be drawn therefrom. Fairfield v. Fairfield (1989), Ind., 538 N.E.2d 948. The burden is upon the movant to demonstrate affirmatively that relief is necessary and just. Fairrow, supra. A motion brought pursuant to TR 60(B) may not attack the substantive, legal merits of the judgment; rather, the motion may only address the procedural, equitable grounds justifying relief from the finality of the judgment.[3]Blichert v. Brososky (1982), Ind. App., 436 N.E.2d 1165. Further, the motion may not be used as a substitute for a timely direct appeal or to revive an expired attempt to appeal. Mathis v. Morehouse (1982), Ind. App., 433 N.E.2d 814.
We find the trial court abused its discretion when it denied Reich's motions.

The CHINS Adjudication
Reich contends the Department's disregard for the statutory jurisdictional requirements failed to properly invoke the court's jurisdiction, and cites In re Heaton (1986), Ind. App., 503 N.E.2d 410.
In In re Heaton, without a CHINS petition having been filed, the court held an initial hearing, advised the child of his rights, and appointed counsel to represent him. At a second hearing, the child entered an admission to being a CHINS, he was returned to the sheriff's custody, and costs were assessed against his parents, who lived in another state. At a third hearing, the court ordered the parents to pay temporary child support and placed the child with a foster family. The child's parents only received notice of the various proceedings following the third hearing. Following several hearings, counsel for the parents filed a motion for relief from judgment. This court held that strict statutory compliance is required for juvenile courts to obtain subject matter jurisdiction. Id.; Kindred v. State (1986), Ind. App., 493 N.E.2d 467. Moreover, where statutes pertaining to CHINS matters clearly set forth the jurisdictional prerequisites, and those prerequisites are not followed, the court lacks subject matter jurisdiction, and any order or judgment rendered is a nullity. In re Heaton, 503 N.E.2d at 414.
Here, we note that some of the omitted procedures, standing alone, would not necessitate a reversal. However, the multiplicity of the omissions, which was exacerbated by Reich's diminished mental capacity,[4] clearly operated to deny her due process.
In 1988, IC XX-X-X-XX,[5] set forth the following procedures to initiate a CHINS proceeding:

*1344 (a) The prosecutor or the attorney for the county department may request the juvenile court to authorize the filing of a petition alleging that a child is a child in need of services; that person shall represent the interests of the state at this proceeding and at all subsequent proceedings on the petition.
(b) The juvenile court shall consider the preliminary inquiry and the evidence of probable cause as contained in either the report of the preliminary inquiry or an affidavit of probable cause. The court shall authorize the filing of a petition if it finds probable cause to believe that the child is a child in need of services.
(c) The petition shall be verified and be entitled "In the Matter of ____, a Child Alleged to be a Child in Need of Services", must be signed and filed by the person representing the interests of the state, and must contain the following information:
(1) A citation to the section of this article that gives the juvenile court jurisdiction in the proceeding.
(2) A citation to the section of this article that defines a child in need of services.
(3) A concise statement of the facts upon which the allegations are based, including the date and location at which the alleged facts occurred.
(4) The child's name, birth date, and residence address, if known.
(5) The name and residence address of the child's parent, guardian, or custodian, if known.
(6) The name and title of the person signing the petition.
(7) A statement indicating whether the child has been removed from his parent, guardian, or custodian, and, if so, a description of:
(A) efforts made to provide the child or his parent, guardian, or custodian with family services before the removal; and
(B) reasons why family services were not provided before the removal of the child, if they were not provided.
(d) Error in a citation or its omission is ground for dismissal of the petition or for reversal of the adjudication only if the error or omission misleads the child or his parent, guardian, or custodian to his prejudice.
(e) If the petition is authorized, the person filing may request in writing that the child be taken into custody. He shall support his request with sworn testimony or affidavit. The court may grant the request if it makes written findings of fact upon the record that a ground for detention exists under section 6(f) of this chapter.
(f) If the juvenile court grants the request to have the child taken into custody, it shall proceed under section 6(e) of this chapter.
Here, the Department filed its petition on January 16, 1988, three days before it received the court's authorization. IC XX-X-X-XX(a) and (b). The petition did not contain a concise statement of the facts upon which the allegations were based, as required by IC XX-X-X-XX(c)(3). Reich argues the petition did not include a statement indicating whether R.R. had been removed from her parent. Although that portion of the petition was not clearly marked, in context it is clear that R.R. had been removed and that efforts were made to provide family services before the removal. Further, the Department's request that R.R. be taken into custody was not supported by sworn testimony or an affidavit, as required by IC XX-X-X-XX(e). The Court's Order Authorizing Taking Child into Custody has only a checked statement: "detention is necessary to protect the child." The checked statement does not comply with IC XX-X-X-XX(e) which requires the Court to make written findings of fact to support that a ground for detention exists.
In 1988, IC XX-X-X-XX.5(b) and (e)[6] required the court to hold an initial hearing *1345 on each petition and to inform the parent of certain requirements. The record reveals that at the January 26, 1988 hearing, Reich was not informed of the "nature of the allegations," the "dispositional alternatives available," the possibility of participation in care, treatment or rehabilitation, or the opportunity to "controvert any allegations made." Further, IC XX-X-X-XX.5(c) provided: "The juvenile court shall first determine whether it is appropriate to appoint a guardian ad litem for the child." Although appointment was not required, under the circumstances here the Court abused its discretion by not appointing a guardian ad litem for R.R.
Reich also contends that the court erred when it did not appoint counsel for her. Any parent participating in a CHINS proceeding may be represented by counsel; parents must be given an opportunity to secure counsel if desired. See Wardship of Nahrwold v. Dept. of Public Welfare (1981), Ind. App., 427 N.E.2d 474, 480 (due process requirements were met in a detention hearing when mother was given the opportunity to be present with counsel and state her version of the events in question). However, no statute[7] provides a parent the right to court appointed counsel in CHINS proceedings, although the court has discretion to appoint counsel for a parent in any juvenile proceeding. See IC 31-6-7-2(b) (the court may appoint counsel to represent any parent in any other proceeding). It is not clear from the record whether Reich was ever afforded the opportunity to secure counsel. Here, the trial court abused its discretion when it failed to appoint Reich counsel.
In sum, notwithstanding that the evidence overwhelmingly supports the adjudication of R.R. as a CHINS, the Department and Court's failure to follow the statutory procedures necessitates our reversal of this judgment.

Termination of Parental Rights Judgment
Pursuant to IC 31-6-5-4, a petition to terminate the parent-child relationship must allege "the child has been removed from the parent for at least six (6) months under a dispositional decree" (of a child in need of services finding). Because here, the CHINS judgment was void, no petition to terminate could properly be filed.
Even assuming that the petition was properly filed, Reich maintains that the termination judgment is void because no petition to terminate Reich's parental rights was before the court at the time her rights were terminated. A judgment void on its face may be attacked at any time, either collaterally or directly. Jordan v. State (1990), Ind. App., 549 N.E.2d 382; City of Hammond v. No. Indiana P.S.C. (1987), Ind. App., 506 N.E.2d 49.
On March 15, 1989, the trial court denied the petition to terminate Reich and White's parental rights, but later terminated her rights on August 25, 1989. In 1988, IC XX-X-X-XX(d) provided: "If the court finds that the allegations in the petition to terminate the parent-child relationship are true, it shall terminate the parent-child relationship, otherwise it shall dismiss the petition." In 1989, paragraph (d) was placed in its entirety in IC 31-6-5-4.3, and became effective May 5, 1989. Thus, by law, when the trial court denied the Department's petition, the petition was dismissed. Thus, the court's termination order of August 25, 1989, is void. See In re Heaton, supra.
Reversed.
CONOVER and GARRARD, JJ., concur.
NOTES
[1] Reich contends the discovery, in late 1989, that E.R. had cerebral palsy, constitutes newly discovered evidence pursuant to TR 60(B)(2). As Reich and White voluntarily relinquished their parental rights to E.R. prior to the October 17, 1990 TR 60(B) hearing, we need not address this contention. Likewise, due to the relinquishment, we will only address those issues as they pertain to R.R.
[2] TR 60(B) in relevant part provides:

.....
On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
.....
(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
.....
(5) except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that (a) at the time of the action he was an infant or incompetent person, and (b) he was not in fact represented by guardian or other representative, and (c) the person against whom the judgment, order or proceeding is being avoided procured the judgment with notice of such infancy or incompetency ... (d) no appeal or other remedies allowed under the subdivision have been taken or made by or on behalf of the infant or incompetent person, and ... (f) the motion alleges a valid defense or claim;
(6) the judgment is void;
(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).
.....
[3] Thus, Reich's issues pertaining to the substantive aspects of the judgments will not be addressed.
[4] Reich has an IQ of 75 and is considered "learning disabled." White also has an IQ of 75, but he is considered more disabled than Reich.
[5] IC XX-X-X-XX was amended in 1989 and 1990. The only significant change included the addition of (g): The child, the child's parents, the county department, and the guardian ad litem or court appointed special advocate are parties to the proceedings described in this article and have rights of parties under the Indiana Rules of Trial Procedure.
[6] IC XX-X-X-XX.5 was repealed in 1991 by P.L. 1, § 171. IC XX-X-X-XX.6 now sets forth the criteria for the court to use in determining whether it must appoint a guardian ad litem, court appointed special advocate, or both for a child.
[7] In 1988, IC 34-1-1-3 provided in part: "Any poor person not having sufficient means to ... defend an action may apply to the court in which the action is ... pending, for leave to ... defend as a poor person. The court, if satisfied that such person has not sufficient means to ... defend the action, shall admit the application to ... defend as a poor person, and shall assign him an attorney to defend ... the cause ..." Here, Reich clearly qualified as a "poor person." However, there was no evidence of her requesting counsel until after the petition to terminate had been filed.