**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**CYNTHIA S. DAMRON**
Elkhart, Indiana

ATTORNEY FOR APPELLEE:

**BRYAN K. REDMOND**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CYNTHIA SUE DAMRON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  20A03-1110-MF-514 |
| | ) | |
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No.  20D02-1010-MF-416

**August 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

STATEMENT OF THE CASE

Cynthia S. Damron appeals the trial court's denial of her Indiana Trial Rule 60(B) motion for relief from judgment and her subsequent motion to correct error.

We affirm.

ISSUES

1. Whether the trial court abused its discretion in denying Damron's motion for relief from judgment on the basis that Damron's motion failed to show that the trial court lacked subject matter jurisdiction over the case under Indiana Trial Rule 60(B)(6).

2. Whether the trial court abused its discretion in denying Damron's motion for relief from judgment under Indiana Trial Rule 60(B)(6) on the basis that GMAC Mortgage, LLC had no standing as the real party in interest to obtain the default judgment.

3. Whether the trial court abused its discretion in denying Damron's general claim that GMAC Mortgage, LLC was engaged in a "scheme of mortgage foreclosure fraud and fraud upon the court."

FACTS

On or about July 19, 2005, Damron executed and delivered to GMAC Mortgage Corporation a promissory note in the original principal sum of $40,000, wherein GMAC Mortgage Corporation is named as the payee. The property address was 2931 Garden Boulevard, Elkhart, Indiana ("2931").

On or about the same day, Damron executed a mortgage to secure the promissory note, wherein Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for

2

GMAC Mortgage Corporation, was granted a security interest in the property located at 2931.[1] The mortgage was recorded on September 14, 2005.

Damron defaulted pursuant to the terms of the promissory note. The promissory note was assigned to GMAC Mortgage, LLC on November 18, 2009, and was recorded on December 7, 2009.

On October 15, 2010, GMAC Mortgage, LLC filed its "Complaint on the Note and to Foreclose Mortgage on Real Estate." (App. 13). The complaint joined four other creditors as defendants, as well as the tenant at 2931. The complaint requested that GMAC Mortgage, LLC be declared as the holder of the first priority lien against 2931. The case was assigned the Cause Number 20D02-1010-MF-416 ("Cause No. 416").

On or about October 25, 2010, Damron was served by the sheriff; however, she elected not to respond. On April 13, 2011, GMAC Mortgage, LLC filed its "Motion for Default Judgment Entry and Decree of Foreclosure." On April 14, 2011, the trial court entered a default judgment in favor of GMAC Mortgage, LLC, granting GMAC Mortgage, LLC a personal money judgment against Damron and issuing a decree

---

[1] The mortgage defines MERS as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing unders the laws of Delaware . . . ." (App. 21).

MERS "operates a computer database designed to track servicing and ownership rights of mortgage loans anywhere in the United States. Originators and secondary market players pay membership dues and per-transaction fees to MERS in exchange for the right to use and access MERS records." Christopher L. Peterson, *Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System*, 78 University of Cincinnati L. Rev. 1359, 1361 (2010).

3

foreclosing Damron's mortgage as a first priority lien subject only to real estate taxes and costs of a sheriff's sale. The sheriff's sale of 2931 was scheduled for July 27, 2011.

Meanwhile, on July 20, 2011, Damron had filed a verified motion for relief from judgment and a request for an emergency hearing. The motion alleged that the judgment should be set aside because the trial court, Elkhart Superior Court 2, lacked subject matter jurisdiction to rule in Cause No. 416 because "the alleged 'note' and 'mortgage' is/was already an issue under the subject matter jurisdiction of a prior and pending proceeding under Cause No. 20D02-1008-MF-312 ["Cause No. 312"]." (App. 41). The motion further alleged that GMAC Mortgage, LLC was engaged in "a knowing and intentional scheme of mortgage foreclosure fraud and fraud upon the court" because GMAC Mortgage, LLC did not disclose to the trial court that it had already brought the Cause No. 312 action; it did not reveal that it had sold the mortgage to the Federal Home Loan Mortgage Corporation ("Freddie Mac"); and that its Exhibit D to its complaint was executed and signed "by a known 'robosigner.'" (App. 42). Accordingly, the motion requested that the default judgment be set aside because "the same 'note' and 'mortgage' [are] already the subject of a prior pending proceeding under [Cause No. 312], and further finding that GMAC Mortgage, LLC is not the real party in interest with legal standing that GMAC Mortgage, LLC can invoke the jurisdiction of this Court." (App. 43-44).

4

On July 22, 2011, the trial court ordered that the July 27, 2011 sheriff's sale should be stayed pursuant to Indiana Trial Rule 62(B)(4) and scheduled a hearing on Damron's motion for relief from judgment.

On July 27, 2011, the sheriff, not having notice of the trial court's stay order, conducted the sheriff's sale. Freddie Mac was the successful bidder on the 2931 property. Subsequently, GMAC Mortgage, LLC asked the court to set aside the sale and declare the sheriff's deed void because the sale occurred in contravention of the trial court's order to stay the sale. The trial court granted the requested relief on or about August 24, 2011.

On August 25, 2011, the trial court heard evidence and argument on Damron's motion for relief from judgment. The trial court denied the motion and Damron's subsequent motion to correct error. This appeal ensued.

## DECISION

Indiana Trial Rule 60(B) allows relief from default judgment from, among other things, a judgment that is void. A trial court's ruling with regard to an Indiana Trial Rule 60(B) motion is addressed to the court's equitable jurisdiction. *Crafton v. Gibson*, 752 N.E.2d 78, 83 (Ind. Ct. App. 2001). In making its decision, the trial court is required to balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. *Id*. We review a ruling on a 60(B) motion for abuse of discretion. *Id*. An abuse of discretion occurs

5

where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.*

Indiana Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Blichert v. Brososky*, 436 N.E.2d 1165, 1167 (Ind. Ct. App. 1982). The burden is on the movant to establish the existence of grounds for 60(B) relief. *Ehrlich v. Thayer*, 686 N.E.2d 916, 917 (Ind. Ct. App. 1997).

1.      Subject Matter Jurisdiction

Damron first argues that the trial court erred in denying her 60(B) motion because the evidence established that the same case existed under two cause numbers. She asserts that when one court is exercising in rem jurisdiction over a property, a second court may not assume in rem jurisdiction over the same property. Damron's Br. at 8. Thus, she claims that the trial court should have found that the default judgment was void under 60(B)(6).

At the hearing on this matter, GMAC asserted the previous case, Cause No. 312, involved Damron-owned rental property located at 3004 Garden Boulevard, Elkhart, Indiana. GMAC Mortgage, LLC also asserted that the instant case, Cause No 416, involves Damron-owned 2931 rental property. The trial court agreed with GMAC Mortgage LLC, and Damron's attorney did not dispute that the cases involved different properties. Accordingly, the trial court did not abuse its discretion in determining that

6

Damron failed to show that relief was warranted on the basis of subject matter jurisdiction.

2.      Party in Interest

Damron also contends that GMAC Mortgage, LLC did not have legal standing to bring the action and could not invoke the jurisdiction of the trial court. She argues that GMAC Mortgage, LLC was not the real party in interest because "a real party in interest . . . is the person who is the true owner of the right sought to be enforced." Damron's Br. at 11. Again, Damron contends that the trial court should have found that the default judgment was void under 60(B)(6).

The evidence adduced at the hearing on the motion shows that the promissory note was endorsed in blank wherein the endorsement did not cite a payee, and the note was accordingly converted into a bearer instrument pursuant to Indiana Code section 26-1-3.1-109(a)(2).[2] GMAC Mortgage, LLC clearly demonstrated that it was the holder of the bearer instrument, and it was entitled to enforce the instrument pursuant to Indiana Code section 26-1-3.1-301(1), which states that a "'[p]erson entitled to enforce' an instrument means . . . the holder of the instrument." A "holder" means "the person in possession of a negotiable instrument that is payable . . . to bearer." Ind. Code § 26-1-1-201(20)(A). GMAC Mortgage, LLC also demonstrated that it was assigned the mortgage by MERS or that, as the holder of the promissory note, it, in effect, became a holder of the mortgage.

---

[2] The statute provides that a promise or order is payable to the bearer if it "does not state a payee."

7

*See Egbert v. Egbert*, 226 Ind. 346, 351 (1948) (holding that the assignment of a note secured by a mortgage operates as an assignment of the mortgage). Thus, there is no indication that GMAC Mortgage, LLC is not a real party in interest, and the trial court did not abuse its discretion in denying Damron's motion for relief under 60(B)(6).

3.       Mortgage Foreclosure Fraud and Fraud upon the Court

Lastly, Damron contends that the trial court abused its discretion in denying her motion for relief as it pertained to her claim that GMAC Mortgage, LLC was engaged in a "scheme of mortgage foreclosure fraud and fraud upon the court." Damron's Br. at 14.

While Indiana Trial Rule 60(B)(3) refers to fraud, we note that a motion for relief from judgment may not be used as a substitute for a timely direct appeal or motion to correct error. *See Reich v. Crawford Cnty. Dep't of Pub. Welfare*, 587 N.E.2d 1341, 1343 (Ind. Ct. App. 1992). Here, Damron states in her brief that she engaged in the "bold move" of ignoring the pending proceeding, not filing an answer or motion to dismiss—and "taking the risk that a subsequent challenge to jurisdiction will prevail." Damron's Br. at 6. Damron's fraud claim does not fall within the potentially viable risk of asserting issues pursuant to void judgments under 60(B)(6) or fraudulently obtained judgments under 60(B)(3). Thus, the trial court did not abuse its discretion in denying this portion of her motion for relief from judgment.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.

8